**FEDERACION DE EMPLEADOS DEL TRIBUNAL GENERAL DE JUSTICIA, et al., Plaintiffs, Appellants,**

v.

**Eulalio A. TORRES, et al., Defendants, Appellees.**

No. 84–1106.

United States Court of Appeals, First Circuit.

Argued Sept. 5, 1984.

Decided Oct. 29, 1984.

Juan Acevedo, Hato Rey, P.R., with whom Jose E. Carreras Rovira, and Carreras, Farinacci & Rodriguez, were on brief, for plaintiffs, appellants.

Reina Colon De Rodriguez, Asst. Sol. Gen., Dept. of Justice, San Juan, P.R., with whom Roberto Schmidt Monge, was on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, BREYER, Circuit Judge, and SELYA,* District Judge.

BREYER, Circuit Judge.

The plaintiffs in this case are employees or former employees of Puerto Rico's judicial branch. On August 1, 1980, they demonstrated for higher pay. The demonstration took place during working hours in front of a court building. Their employer, acting through Eulalio Torres, Administrative Director of the Courts of Puerto Rico, punished them. They then sued their employer, claiming that the punishment infringed their constitutionally protected rights of free speech.

■ The parties submitted the case to the district court on stipulated facts and cross-motions for summary judgment, under Fed.R.Civ.P. 56. The basic issue was whether the employer improperly punished some, or all, of them because of the mere fact that they expressed themselves (or because of the content of their expression), or whether the employer lawfully based its punishments upon other, legitimate, factors, such as the time and manner of the demonstration. *See Connick v. Myers,* 461 U.S. 138, 152–53, 103 S.Ct. 1684, 1693, 75 L.Ed.2d 708 (1983), *citing Givhan v. Western Line Consolidated School District,* 439 U.S. 410, 415, n. 4, 99 S.Ct. 693, 696 n. 4, 58 L.Ed.2d 619 (1979) (manner, time, and place as relevant factors in measuring degree of threat to institutional efficiency); *cf. Pickering v. Board of Education,* 391 U.S. 563, 571, 88 S.Ct. 1731, 1736, 20 L.Ed.2d 811 (1968) (timing of letter considered in relation to institutional function). The district court found that the employer based its disciplinary actions upon legitimate factors not related to expression, for example, unauthorized absence from work. And, it entered judgment for defendant employer. The employees appeal, attacking the court's findings.

The record in this case reveals that the basic dispute between the parties concerns the factual inferences about the employer's motives that one might draw from the more basic facts to which the parties have drawn the court's attention. There are no significant disagreements about those basic facts. Nor has any party sought to introduce additional factual evidence or asked to present witnesses. The district court opinion indicates that the parties considered the matter to have been submitted below as a case ready for decision on the merits. Under these circumstances, as appellants agreed at oral argument, we should set aside the district court's factual inferences only if they are "clearly erroneous." *See Vetter v. Frosch,* 599 F.2d 630, 632 (5th Cir.1979) (Fed.R.Civ.P. 52(a) applied in ruling on cross-motions for summary judgment where case could be treated as trial on a stipulated record); *Starsky v. Williams,* 512 F.2d 109, 111 (9th Cir.1975) (same). And, we conclude that they are not.

The record indicates that, after an administrative investigation and hearings, the employer imposed a set of individualized sanctions, ranging from reprimands to five-day suspensions and, in one instance (appellant Perez), a discharge. The employer concedes that the demonstration led to the discipline, but argues that it punished only unauthorized absence from work. Had the demonstration taken place during lunchtime, it says, it would have taken no disciplinary action. The disciplinary record supports this contention, for the employer did not discipline demonstration participants who had permission to be absent from work or were on vacation at the time. Moreover, the employer punished more severely those demonstrators who had been specifically told not to be absent from work during the demonstration. Finally, the employer states that the discipline it exacted this time resembles discipline it had imposed in the past for absence from work. And, this sworn statement stands uncontradicted in the record. Given this support for the employer's interpretation of the disciplinary record, and appellants' failure to pro-

---

* Of the District of Rhode Island, sitting by designation.

vide significantly conflicting evidence, the district court's finding is warranted.

The single troubling point concerns appellant Perez. Perez received the most serious penalty, namely discharge. He was also the head of the Federacion, the employees' group that had organized the demonstration. This fact makes the severity of the discipline look, at first blush, like retaliation. The district court, however, found that this severity reflected other facts. After the demonstration Perez worked in a local casino without the permission of his employer—a clear violation of the employer's rules. His work in the casino led him to miss his regular work for a period of more than five days. This absence by itself, under the employer's rules, was grounds for dismissal. Given these facts, we cannot say that the district court's conclusion is erroneous.

■ Appellants make two additional arguments. First, they claim that the district court should have ignored the employer's 'explanations,' for they were not part of the stipulated facts. Fed.R.Civ.P. 56(c), however, says that in deciding a motion for summary judgment, the court may consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." The evidence about Perez, the relevant rules, the sworn statement of the employer about sanctions in other cases, and the other evidence to which the court referred, all fit within the scope of the Rule's quoted language.

■ Second, appellants argue that the disciplinary record at least makes out a 'prima facie' case of improper employer motive. They do not, however, correctly describe the legal conclusion that here ought to flow from this characterization. Ordinarily, if one party makes out a prima facie case, the burden shifts to the other side to rebut it. In this case, the other side has submitted rebutting evidence. Since neither side sought to present additional evidence or live witnesses, nothing remained for the trial judge to do but to draw an overall conclusion. That is precisely what the district court here did. And, as we have stated, that conclusion has adequate record support.

The judgment of the district court is *Affirmed.*