WM. T. BURTON, INC.

v.

REED ROLLER BIT COMPANY.

Civ. A. No. 6860.

United States District Court
W. D. Louisiana,
Lake Charles Division.

Feb. 7, 1963.

Camp, Palmer, Yelverton & Carwile, John C. Camp, and Carmouche & Martin, Edward M. Carmouche, Lake Charles, La., for plaintiff.

Vinson, Elkins, Weems & Searls, J. Vincent Martin, Houston, Tex., and Jones, Kimball, Harper, Tete & Wetherill, G. Allen Kimball, Lake Charles, La., for defendant.

PUTNAM, District Judge.

Here, plaintiff's original complaint alleges damages caused by the failure of certain oil well tool joints manufactured by defendant, to the extent of $1,539,-942.65. Damages were not itemized. Failure of the joints occurred on April 9, 1957, and plaintiff's suit was filed on April 2, 1958, approximately one week before accrual of the one-year period of prescription applying in such cases. LSA–C.C. Art. 3536.

The original action is predicated upon "negligence of the defendant in the manufacture of said tool joints", and the simple statement in article 12 "That by reason of the breaking of said *defective* tool joints, plaintiff has been damaged in the amount of $1,539,942.65."

In response to an order of the Court requiring a more definite statement, plaintiff filed its first amended petition on July 6, 1962, in which Article 12 was amended to read that "plaintiff has been damaged in the presently calculable amount of $7,706,313.74, and has suffered further damages as hereinafter set forth, by inability to penetrate farther and complete in the marginulina ascensionensis zone." The amended article then itemizes the damages, listing $1,-444,555.71 as those resulting from costs of the drilling operation itself, and $6,-261,758.03 as loss resulting from the inability of plaintiff to complete the well in this sand.

The motion to dismiss is leveled at the "additional claim" in excess of six million dollars alleged to have resulted from failure to complete the well in question. Defendants correctly point to Ragan v. Merchants Transfer & Warehouse Co., Inc. 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), as standing for the proposition that in diversity cases "rights enjoyed under local law should not vary because enforcement of those rights is sought in federal court rather than in state court, and such principle is applicable to statute of limitations." See also: Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937); Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1944).

They argue that the additional claim is a new cause of action, sounding in tort, and since it had never been asserted prior to the filing of the amended complaint in July, 1962, it has prescribed. In support of their position they cite National Park Bank v. Concordia Land & Timber Company, 159 La. 86, 105 So. 234 (1925), Liles v. Barnhart, 152 La. 419, 93 So. 490 (1922), and Palmer v. Fidelity & Casualty Co. of New York, La.App.1956, 91 So.2d 77. In our view these cases are not in point. In National Park Bank, it was held that garnishment issued under an unliquidated demand for damages was not such a judicial demand (suit) as would interrupt prescription accruing against the action for wrongful cutting of timber giving rise thereto, which is essentially a trespass suit sounding in tort.

In Liles it was held that a petitory action to establish title to real estate did not interrupt prescription as to the plaintiff's action for the value of the oil taken from the premises, this being an action in tort, separate and distinct from the suit to establish plaintiff's title.

In Palmer, the first suit was filed by plaintiff in his capacity as father of his minor children and for and in their behalf. When, more than one year after the commission of the tort, he sought to supplement the petition to include his individual claim for medical expenses and property damages, the Court correctly held that the current of prescription had not been halted by the original suit.

LSA–R.S. 9:5801 provides as follows: "All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process."

Under the terms of Rule 3, 28 U.S.C.A., the civil action is "commenced by filing a complaint with the court." Thus, when the suit was filed here, all prescriptions were interrupted under local law. The allegations of the petition as originally filed apprise the defendant that it is one for damages for negligence in the manufacture of the tool joints and other equipment purchased by plaintiff. The pleading meets the test of Rule 8, U.S.C.A. in this regard, placing defendant on notice of the demand made against it.

The first amended petition does not change the nature of the claim one iota. It remains one for negligence in the manufacture of defendant's products. The relief sought, damages resulting from the defective merchandise, is also the same. Only the amount of damages is altered.

The first specification of damages in this suit is made in the amended pleading. For all that we are able to determine by study of the pleadings, the so-called "additional claim" of loss resulting from failure to complete the well in the marginulina ascensionensis zone was included in the original prayer for relief in the sum of $1,539,942.65, but for a lesser sum.

In 34 Am.Jur. p. 218, Limitation of Actions, Sec. 265, it is said:

"An amendment increasing the amount of damages claimed, without introducing new elements of damage, does not state a new cause of action, and may be allowed after the statute of limitations has run. Thus, one whose real property has been injured by a single tortious act may amend his complaint after the statute of limitations has run, to allege damage to a piece of land injured by the same act but not mentioned in the original complaint. Similarly, it is generally held that an amendment which merely varies the prayer for relief does not set forth a new cause of action."

The rule is more concisely stated in 54 C.J.S. Limitations of Actions § 282, p. 340, thus:

"An amendment enlarging the prayer or the relief sought, *as by seeking increased damages,* does not introduce a new cause of action subject to the plea of limitations." (Emphasis Supplied)

Rule 15(c), 28 U.S.C.A. states the rule with clarity. The test there laid down is that the claims asserted in the amended pleading arise out of the "conduct, transaction or occurrence" set forth in the original pleading. This is exactly the situation we have here. See United States v. Memphis Cotton Oil Co., 288 U.S. 62, p. 69, 53 S.Ct. 278, p. 281, 77 L.Ed. 619 (1932); New York Central & H. R. R. Co. v. Kinney, 260 U.S. 340, p. 346; 43 S.Ct. 122, p. 123, 67 L.Ed. 294 (1922); Bowles v. Tankar Gas, Inc., 5 F.R.D. 230 (D.C.Minn.1946); World Pub. Co. v. Davis, 16 F.2d 130 (N.D.Okla. 1926).

So also is the rule in Louisiana. Callendar v. Marks, 185 La. 948, 171 So. 86 (1936), and cases cited therein.

For the foregoing reasons, defendant's motion to dismiss the "additional claim" of the amended petition, is hereby denied.