**PRO MEDICA, INC.**

v.

**THERADYNE CORPORATION.**

**Civ. No. 369–71.**

United States District Court,
D. Puerto Rico.

Sept. 28, 1971.

Francisco Agrait Oliveras, Agrait Oliveras & Otero, San Juan, P.R., for plaintiff.

Patrick J. Wilson, Hato Rey, P.R., for defendant.

## ORDER

FERNANDEZ - BADILLO, District Judge.

There are several motions before the Court in the case at bar. Plaintiff has filed a Motion to Amend the Complaint and a Motion to Remand which was opposed by defendant corporation. The latter has in turn filed a Motion for Issuance of Specific Stay Order and a Motion to File First Amendment to the Answer and Counterclaim. Plaintiff

brought a written opposition to the counterclaim stating that:

"The present claim involves a claim under Law 75 for alleged unjustified cancellation of a dealership. Defendant's counterclaim is based on an alleged debt which has no relationship whatsoever with plaintiff's claim."

Plaintiff is seeking leave to amend its complaint to lower the amount of damages claimed from the sum of $20,000 to that of $8,323.55 in order to conform it with the answers filed on August 12, 1971 to defendant's interrogatories. The amendment is allowed and the amended complaint tendered is ordered to be filed.

In a separate motion filed on the same day plaintiff requested that this action be remanded to the Commonwealth court alleging lack of the requisite jurisdictional amount since "in the answering of defendant's interrogatories and after making a thorough study of plaintiff's records, plaintiff has modified his claim to request the total sum of $8,323.55.[1]" The principle set forth in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293–294, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1937) applies to the present situation:

"Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached. * *

"If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election."

See also this Court's ruling in Espino v. Volkswagen de Puerto Rico (D.C.P.R., 1969) 289 F.Supp. 979. Therefore, the motion to remand is hereby denied.

With respect to defendant's motion of August 18, 1971 for a stay of proceedings in the present case the same is granted and a stay is ordered until the Supreme Court of Puerto Rico rules on the question of the constitutionality of Law No. 75 of June 24, 1964, 10 L.P. R.A. § 278 et seq.

Defendant further requests that leave be granted to amend its answer and file a counterclaim for the amount of $2,564.16 allegedly owed by plaintiff for goods sold and delivered by defendant. The Court takes the view that said counterclaim is not of a compulsory character. It considers it a permissive counterclaim based on an independent claim, unrelated to the main claim which is stated in the amended complaint to be one for damages resulting from the cancellation of an exclusive distributor's contract under Law 75 of June 24, 1964. As pointed out in 3 Moore's Federal Practice § 1231:

"Since the permissive counterclaim is not ancillary to the main claim, it would seem that jurisdiction of the permissive counterclaim could be sustained only when the amount involved as to it exceeds the jurisdictional minimum."

It appearing from the face of the allegations contained in defendant's counterclaim that the amount in controversy does not reach the requisite jurisdictional value, the Court hereby denies leave to file such counterclaim. However, permission to otherwise amend the answer is granted. The amended answer is ordered to be filed, it being understood that all allegations referring to the counterclaim are considered stricken therefrom.

It is so ordered.

---

1. Paragraph 2 of plaintiff's motion to remand.