**Gerald B. CURTIS**

v.

**J. E. CALDWELL & CO.**

**Civ. A. No. 79–2904.**

United States District Court,
E. D. Pennsylvania.

April 21, 1980.

455

James A. Young, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for plaintiff.

Thomas M. Kittredge, Mary E. Bretz, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

## OPINION

JOSEPH S. LORD, III, Chief Judge.

In this contract action based on diversity jurisdiction, plaintiff has moved to dismiss defendant's counterclaim for lack of subject matter jurisdiction. Plaintiff's motion is granted with leave to defendant to amend its answer and counterclaim as explained below.

Both parties agree that on or about February 3, 1978, plaintiff purchased a 2.17 carat diamond from defendant for $15,960. Plaintiff has sued defendant on various theories for what is in essence a breach of contract claim. Defendant has asserted a three-part counterclaim. First, defendant claims plaintiff still owes $1,635 on the 1978 contract. Defendant's Answer and Counterclaim, ¶¶ 19–22. Defendant also claims as a result of separate negotiations about merchandise not involved in the February 3, 1978 contract, defendant agreed to pay plaintiff a $30 credit that in fact was paid twice. Defendant therefore demands return of the $30 overpayment. Defendant's Answer and Counterclaim ¶¶ 23–24. Finally, pursuant to an agreement on January 11, 1979, defendant claims to have delivered a 1.04 carat diamond to plaintiff for $3,998, which sum has yet to be paid. Defendant's Answer and Counterclaim ¶¶ 25–28.

A federal court has ancillary jurisdiction over the subject matter of a counterclaim if it arises out of the same transaction or occurrence that forms the basis of the original claim. *Moore v. New York Cotton Exchange*, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926). The same test is applied under Rule 13(a) of the Federal Rules of Civil Procedure to determine if a counterclaim is compulsory or permissive. *Great Lakes Rubber Corp. v. Herbert Cooper Company*, 286 F.2d 631 (3d Cir. 1961). It is conceded by the plaintiff that defendant's counterclaim for the balance due on the 1978 contract is a compulsory counterclaim for which there need be no independent basis of jurisdiction. Plaintiff argues that the remaining allegations of defendant's counterclaim are permissive, requiring a separate jurisdictional base. Since the remaining counterclaims total $4,028 the claim does not meet the statutory minimum of more than $10,000, and plaintiff asserts therefore that this court is without subject matter jurisdiction.

Three issues need to be addressed: first, do defendant's allegations constitute a compulsory counterclaim; second, if not, and the counterclaim is therefore permissive, must defendant's claim satisfy the jurisdictional amount requirement under 28 U.S.C. § 1332; third, if the jurisdictional amount requirement must be satisfied, does the defensive set-off exception apply to this case.

*Compulsory Counterclaim*

Rule 13(a) of the Federal Rules of Civil Procedure requires a party to assert a counterclaim if it arises out of the transaction or occurrence that is the basis of the opposing party's claim. In *Moore v. New York Cotton Exchange*, the Supreme Court observed that the word "transaction" is susceptible of many meanings; "[i]t may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Supra*, 270 U.S. at 610, 46 S.Ct. at 371. *See also Great Lakes Rubber Corp. v. Herbert Cooper Company, supra.* No extensive analysis is required to reach the conclusion that defendant's claims on the overpayment and the 1979 contract do not constitute compulsory counterclaims. The defendant argues that the individual purchase and sale agreements between the parties are merely parts of a whole commercial relationship between plaintiff and defendant and should not be viewed as isolated events. This view of a transaction as a seamless web of contract dealings may be an accurate description of some commercial relationships, *e. g., United States v. Heyward-Robinson Co.*, 430 F.2d 1077 (2d Cir. 1970), *cert. denied*, 400 U.S. 1021, 91 S.Ct. 582, 27 L.Ed.2d 632 (1971) (two contracts involved). The defendant in this case, however, has done nothing more than assert that because the same parties have bargained and struck several agreements these separate business encounters should be deemed as one. Such a theory ignores the reasons for defining a compulsory counterclaim as one over which ancillary jurisdiction is properly exercised. In *Great Lakes Rubber Corp.*, the Third Circuit observed, "The tests are the same because Rule 13(a) and the doctrine of ancillary jurisdiction are designed to abolish the same evil, viz., piecemeal litigation in the federal courts." *Supra*, 286 F.2d at 633–34. Multiplicity of

suits is properly avoided when, for example, there is an identity of facts and issues of law for both claims, and the evidence at trial would be substantially the same for both. In addition, both the original and the counterclaim are part of the same basic controversy so that *res judicata* would bar a subsequent suit on defendant's claim even absent a compulsory counterclaim rule. *Id.* at 634; *Federman v. Empire Fire and Marine Insurance Co.*, 597 F.2d 798 (2d Cir. 1979). Apart from defendant's assertions to the contrary, nothing in the pleadings (or the briefs)[1] reveals a commonality to the claims as to facts, issues or evidence. Indeed, *res judicata* would not bar a subsequent suit by the defendant on its two claims.

### Permissive Counterclaim and Jurisdictional Amount

In *Moore v. New York Cotton Exchange, supra*, the Supreme Court left open the question whether permissive counterclaims require an independent basis of jurisdiction. The standard holding of cases after *Moore* is that they do. *E. g., Aldens, Inc. v. Packel*, 524 F.2d 38 (3d Cir. 1975) *cert. denied, sub nom. Aldens, Inc. v. Kane*, 425 U.S. 943, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976); *United States v. Heyward-Robinson Co., supra*; 3 *Moore's Federal Practice* ¶ 13.19(1) at 13–481 (1979). In the instant case there is diversity of citizenship between the parties, but unlike plaintiff's claim, defendant's counterclaim does not satisfy the statutorily mandated jurisdictional amount. The question then is whether the permissive counterclaim must meet the jurisdictional amount requirement of 28 U.S.C. § 1332.

Although not a question frequently at issue, most courts that have addressed the problem have concluded that a permissive counterclaim must satisfy the jurisdictional amount. *Pro Medica, Inc. v. Theradyne Corp.*, 331 F.Supp. 231 (D.Puerto Rico 1971);

3 *Moore's Federal Practice* ¶ 13.20 at 13–513 (1979).

One argument for asserting jurisdiction is that unlike the federal question or diversity requirement, the jurisdictional amount is statutorily rather than constitutionally mandated. Thus once jurisdiction has been properly asserted over a plaintiff's claim, the *constitutional* jurisdiction of the court would not be extended by allowing a counterclaim that does not involve the jurisdictional amount. 6 Wright & Miller, *Federal Practice & Procedure*, Civil § 1423 at 125 (1971). But this distinction begs the question: whether constitutionally or statutorily rooted, a federal court is bound to apply the law as it is.

██ It is further argued that the purpose of setting a jurisdictional amount is to keep small claims out of federal courts. Since plaintiff's claim has already met the jurisdictional amount, there is no need for the requirement to be satisfied twice. *See* G. Fraser, *Ancillary Jurisdiction and the Joinder of Claims in the Federal Courts*, 33 F.R.D. 27 (1963). Implicit in this argument are concerns of economy, efficiency and convenience. However, since the claims are unrelated, as distinct from compulsory counterclaims, not much will be gained in terms of economy and efficiency. I do not find the arguments for ignoring the jurisdictional amount requirement persuasive, and hold that defendant's claims in this respect are jurisdictionally deficient.

### Set-Off Exception

██ Assertion of a defensive set-off is the one generally recognized exception to the rule that a permissive counterclaim requires an independent basis for jurisdiction. *United States v. Heyward-Robinson, supra; Herrmann v. Atlantic Richfield Co.*, 72 F.R.D. 182, 185 (W.D.Pa.1976); 6 Wright & Miller, *Federal Practice & Procedure*, Civil

---

1. A counterclaim must allege on the face of the pleadings that it is compulsory. Without such an averment there is no ancillary jurisdiction even if facts from extrinsic proof show that jurisdiction can be properly asserted. *West*

*Coast Tanneries, Ltd. v. Anglo-American Hides Co.*, 20 F.R.D. 166, 168 (S.D.N.Y.1957); *Utah Fuel Co. v. National Bituminous Coal Commissioner*, 306 U.S. 56, 60, 59 S.Ct. 409, 411, 83 L.Ed. 483 (1939).

§ 1422 at 122 (1971). *But see, Robinson Brothers & Co. v. Tygart Steel Products Co.*, 9 F.R.D. 468 (W.D.Pa.1949).[2] A defensive set-off may be asserted solely to defeat or diminish the adverse party's recovery, it must arise from a transaction extrinsic to the original claim, and it must be based on a contract or judgment and be capable of liquidation. *Binnick v. Avco Financial Services of Nebraska, Inc.*, 435 F.Supp. 359, 367 (D.Neb.1977); 3 *Moore's Federal Practice* ¶ 13.19(1) at 13–481. Defendant's second and third counterclaims meet these latter two requirements. However, in its ad damnum clause defendant has stated:

> WHEREFORE, Caldwell demands that judgment be entered in its favor, and against plaintiff, on all of plaintiff's claims, and that judgment be entered in its favor, and against plaintiff, in the amount of $5,663, plus interest and the cost of this litigation, including a reasonable counsel fee, according to law.

Defendant has improperly pleaded the permissive counterclaim (described in ¶¶ 23–28) by demanding affirmative relief. The counterclaim is therefore dismissed. Since defendant has argued in its memorandum in opposition to Plaintiff's Motion to Dismiss that the counterclaim is a set-off, defendant will be granted leave to amend its pleadings to assert properly the counterclaim as a defensive set-off.

---

**2.** In *Robinson Brothers* the court held that a permissive counterclaim requires an independent basis for jurisdiction and must satisfy the jurisdictional amount, but then made no distinction between a defensive set-off and a demand for affirmative relief. Often cited for the proposition that there is no set-off exception, that "holding" is purely by implication and the case is rarely followed.