In re Merlyn YAGOW and Delores
Yagow, Debtors.

PRODUCTION CREDIT
ASSOCIATION, Plaintiff,

v.

Merlyn YAGOW and Delores Yagow,
individually and d/b/a D & M
Trust, Defendants.

Bankruptcy No. 85–05257.
Adv. No. 85–7074.

United States Bankruptcy Court,
D. North Dakota.

Oct. 2, 1985.

Roger J. Minch, Fargo, N.D., for plaintiff.

Jane M. Freeman, Grand Forks, N.D., for defendants.

## ORDER

WILLIAM A. HILL, Bankruptcy Judge.

Production Credit Association of Fargo, the Plaintiff in the above adversary proceeding, on September 11, 1985, brought a Motion to Dismiss the Defendant/Debtors' Counterclaim, asserting that the Bankruptcy Court lacks jurisdiction over the subject matter. The Defendants have not responded.

The instant adversary action was commenced by a Complaint filed July 30, 1985, alleging that the Debtors' pre-petition indebtedness to PCA of $235,000.00 is non-dischargeable by virtue of sections 523(a)(2), (a)(4), and (a)(6) of the Bankruptcy Code. The Debtors generally deny the indebtedness and, by way of Counterclaim, seek damages in an unspecified amount. The Counterclaim is premised upon the Debtors' assertion that the Production Credit Association breached a financing commitment which forced them into bankruptcy and rendered them unable to obtain 1985 operational financing.

Under Rule 13 of the Federal Rules of Civil Procedure (made applicable to bankruptcy practice by Rule 7013 of the Federal Rules of Bankruptcy Procedure), a counterclaim is compulsory in nature as it arises out of the transaction or occurrence that is the subject matter of the plaintiff's complaint. Subpart (b) of Rule 13 allows an answering party to interpose as a permissive counterclaim any claim even though it does not arise out of the same transaction or occurrence. At first blush, subpart (b) would seem to indicate that anything not in the nature of a compulsory counterclaim may be asserted as a permissive counterclaim. This is not true, as will be presently discussed.

Though lacking in factual detail, the pleadings suggest that the Debtors' Counterclaim is permissive in nature. The bases for PCA's cause of action are alleged ac-

tions of the Debtors in obtaining loans—actions which occurred long before the 1985 crop season, and—long before the bankruptcy filing and, indeed—long before the cessation of lending by Production Credit Association. On the other hand, it is the wrongful cessation of lending on the part of PCA which forms the gravamen of the Debtors' Counterclaim. The failure to continue lending can hardly be said to arise out of the same transaction or occurrence which led to PCA making the very loans which they now seek to have declared nondischargeable. The nature of the Debtors' cause of action, as formed by its Counterclaim, is not directed towards the impropriety or illegality of the lending practices which gave rise to PCA's cause of action but rather is rooted in some later event, the result of which was the cessation of lending by PCA.

 The distinction to be made between compulsory and permissive counterclaims is jurisdictional. Compulsory counterclaims are ancillary to the main action and ·need no independent jurisdictional basis. Permissive counterclaims, however, are by their nature independent of that on which the main action and must have grounds for jurisdiction independent of that on which the main case is based. *By-Products Corp. v. Armen-Berry Co.,* 668 F.2d 956 (7th Cir.1982); *Curtis v. J.E. Caldwell & Co.,* 86 F.R.D. 454 (D.C.Pa. 1980); *Hoosier Cas. Co. v. Fox,* 102 F.Supp. 214 (D.C.Iowa 1952); 6 Wright and Miller, Federal Practice and Procedure: § 1422 (1971). Thus, Rule 13(b), although suggesting that any counterclaim may be asserted, does not permit the maintenance of a counterclaim if the court before whom it is brought does not have jurisdiction.

 A bankruptcy court's jurisdiction is more proscribed than that of other courts. Its jurisdiction is statutory and springs from 28 U.S.C. § 1334 and § 157 by which bankruptcy cases are referred to a bankruptcy judge. If the Debtors' Counterclaim is to be maintained as a permissive counterclaim in bankruptcy court, then this Court must have jurisdiction under one of

the foregoing sections. The jurisdiction of the bankruptcy court may be characterized as pertaining to: proceedings arising under title 11 ("core" matters); proceedings arising in cases under title 11 (in a sense this term is also a synonym for "core" proceedings); and, proceedings related to cases under title 11. Core matters are those defined in section 157(b)(2) and means those proceedings which would not exist in absence of the Bankruptcy Code. Section 157(b)(2)(C) includes, as a core proceeding, counterclaims by the estate against persons filing claims against the estate. The language of this section may be expansively interpreted so as to include as a core matter any cause of action if asserted by a debtor as a counterclaim. Such an expansive reading would completely emasculate the jurisdictional proscriptions of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) and would, in view of this Court, render the requirement of an independent jurisdictional basis all but meaningless. An inventive debtor would be free to use section 157(b)(2)(C) as a vehicle to avoid the jurisdictional proscriptions of the *Marathon* case, a result which cannot be countenanced in face of the Supreme Court's position regarding the jurisdictional perimeters of bankruptcy judges. The Debtors' Counterclaim does not have its roots in the Bankruptcy Code and is not the type of action which is dependent upon the event of bankruptcy for its vitality. If the Production Credit Association wrongfully reneged on lending commitments, any action thereby arising is not dependent on any portion of the Bankruptcy Code. The Court must conclude that the cause of action as espoused in the Debtors' Counterclaim is not a core proceeding despite the language of section 157(b)(2)(C).

 Neither can it be said to "arise in a case" under title 11. These types of cases are those that secondarily spring from a pending bankruptcy case and which, although not dependent upon the Bankruptcy Code for a legal basis, would not have existed but for the fact that a bankruptcy

case was filed. Such cases must be integral to the core bankruptcy function of restructuring debtor-creditor rights. This is the reason why these types of cases may be regarded also as "core" proceedings. Examples of integral cases arising in a case under title 11 would be an action brought by the debtor to determine the validity of liens or objections by the debtor to claims of creditors. Compulsory counterclaims, because they spring from the same transaction or occurrence that form the subject matter of a creditor's claim against the estate, need no jurisdictional basis beyond section 157(b)(2)(C) because the bankruptcy court's jurisdiction is ancillary to its jurisdiction over the creditor's claim. If the bankruptcy court has jurisdiction over the creditor's claim, then it has jurisdiction as well over any compulsory counterclaim. A counterclaim, compulsory in nature, is the type of counterclaim which would be considered integral. It is compulsory counterclaims which most clearly fit within the jurisdictional ambit of section 157(b)(2)(C). The reason that the counterclaim now under consideration cannot be considered to arise in a case under title 11 is that the gravamen of the Counterclaim has no bearing upon whether the Production Credit Association's cause of action is valid or not—they do not relate to the same circumstances nor are the elements of the Counterclaim a defense to the Production Credit Association's main case.

The final category of cases upon which jurisdition may be premised are those proceedings "related" to a case under title 11. This Court has discussed the concept of "related" proceedings in its past decision, *e.g. In re American Energy, Inc.,* 50 B.R. 175 (Bankr.N.D.1985), and has chosen to ascribe to it a narrow definition. As noted in *Heagle v. Haug,* 19 B.R. 223 (Bankr.D.Ore.1982), "there must be a reasonable nexus or logical connection between the civil proceeding for which jurisdiction is sought and the parent bankruptcy proceeding ...". The term has also been defined as "those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court

or state court ...". *Matter of Colorado Energy Supply, Inc.,* 728 F.2d 1283 (10th Cir.1984). The Tenth Circuit, in the *Colorado Energy Supply* case, noted that the term "related" proceeding as referred to in the *Marathon* decision was given a narrow definition as pertaining only to the proposition that a "traditional state common law action, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law, must, absent the consent of the litigants, be heard by an Article III court if it is to be heard by any court or agency of the United States", citing *Marathon,* 458 U.S. at 92, 102 S.Ct. at 2882. This Court has previously taken the position, with regards to related proceedings based solely on state created contract law, that the clear expression of both the United States Supreme Court and Congress cannot be ignored. *In re Dakota Grain Systems,* 41 B.R. 749 (Bankr.N.D.1984). Such cases, although tangentially related to a pending bankruptcy proceeding, are not sufficiently related to the proceeding to confer jurisdiction on the bankruptcy court under 28 U.S.C. § 157(c)(1) unless there also exists an independent basis for federal jurisdiction. The Debtors' Counterclaim in the instant adversary proceeding is, in its nature, essentially a cause of action sounding in breach of contract and, as such, is based solely upon state contract law. It is by its nature a cause of action which exists independent of the existence of a bankruptcy proceeding and which would be resolved in state court according to principles of state law rather than in bankruptcy court according to principles of either bankruptcy or federal law.

Accordingly, and for the reasons stated, this Court as a court of bankruptcy, believing that the Production Credit Association's Motion for Dismissal of Counterclaim is well-taken, elects to abstain in the interests of justice and for lack of jurisdiction.

IT IS THEREFORE ORDERED that the Counterclaim of the Defendants, Merlyn Yagow and Delores Yagow, in the pending

adversary proceeding be DISMISSED on jurisdictional grounds.