## In re The MACLEOD COMPANY, INC., Debtor.

## UNITED STATES of America, Plaintiff,

## v.

## The MACLEOD COMPANY, INC., Defendant.

### Bankruptcy No. 1–84–02435.
### Adv. No. 1–85–0128.

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 19, 1986.

See also, Bkrtcy., 63 B.R. 654.

Diane M. Ennist, U.S. Dept. of Justice, Washington, D.C., Nicholas Pantel, Cincinnati, Ohio, for plaintiff.

Richard L. Bell, Cincinnati, Ohio, for defendant.

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO DISMISS

BURTON PERLMAN, Bankruptcy Judge.

The complaint in this adversary proceeding recites that plaintiff contracted with defendant for the production of water tank trucks. On September 21, 1984, it is said, plaintiff terminated the contract for default. Plaintiff invokes various provisions of relevant government regulations to support its contention that the water tank trucks, which had been produced, were not property of the debtor's estate, and therefore the trucks should be turned over to plaintiff. Defendant filed an answer which put the several contentions of plaintiff in issue. Defendant also filed a counterclaim. In its counterclaim, defendant seeks recovery of the sum of $57,000.00 for the installation of certain trailer hitches on the vehicles. In addition, defendant contends that it is entitled to be compensated for storage costs and insurance costs during the time when it was obliged to retain possession of the vehicles. Plaintiff thereafter filed a motion for summary judgment on the claim contained in its complaint, and that motion was granted. Plaintiff then filed a motion to dismiss the counterclaims

filed by defendant. Both parties have submitted memoranda and the question is now at issue before this court.

It is the position of plaintiff on this motion that defendant has failed to satisfy the requirements of the Contract Disputes Act, 41 U.S.C. § 601 et seq., is thereby barred from seeking relief on the claims asserted in the counterclaim, and for this reason this court is without jurisdiction over the counterclaim. The flavor of the motion is that the statute referred to requires that in a contract dispute with the United States, any claim which a contractor has against the United States must first be presented in writing to the appropriate contracting officer, and only after such contracting officer has made a final determination, may relief be sought in a court, and that court must be the United States Claims Court. Plaintiff says that the failure to comply with the requirements of the Contract Disputes Act is uniformly regarded by courts as a jurisdictional prerequisite to any remedy in court, citing, among other authorities, *Paragon Energy Corp. v. United States*, 645 F.2d 966, 977 (Court of Claims, 1981).

Debtor-defendant argues that the authority cited by plaintiff is not controlling here, referring to cases which suggest the possibility of another outcome, since it is the bankruptcy court which is here involved. That is, defendant argues that because the relief which it seeks arises in a counterclaim in an adversary proceeding filed in this court by the government, with the counterclaim being a compulsory counterclaim, no independent basis is required in order that this court have jurisdiction to decide the question presented.

This motion presents to us another one of those situations where federal legislative acts in normally entirely distinct areas of federal concern, collide. That is, on the one hand Congress has specifically created a system for dealing with the manner in which disputes between government contractors and the government are to be resolved. This is the Contract Disputes Act. It contemplates a process in which a contractor must pursue steps at an administra-

tive level and, if there unsuccessful, have legal resort, but only to the Court of Claims. On the other hand, Congress has also expressed itself in the bankruptcy area, one of its concerns there being the rehabilitation of debtors, to which must be coupled the general policy that matters concerned with the bankruptcy process be expedited. At 28 U.S.C. § 1334, the district courts have been clothed with original and exclusive jurisdiction of all cases under Title 11, and also concurrent jurisdiction "of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." At 28 U.S.C. § 157, it is further provided that the district court may refer the foregoing identified bankruptcy cases and proceedings to the bankruptcy judges, and that has been done by the District Court for the Southern District of Ohio by appropriate order. The statute further provides at 28 U.S.C. § 157 what the jurisdictional power of the bankruptcy court is:

Section 157. Procedures

\* \* \* \* \* \*

(b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to—

\* \* \* \* \* \*

(C) counterclaims by the estate against persons filing claims against the estate;

\* \* \* \* \* \*

In a carefully worked-out scheme, then, Congress has depicted appropriate jurisdiction for the bankruptcy court. We hold that that scheme confers jurisdiction upon us to hear and determine debtor's counterclaims in this case and, further, that the Contract Disputes Act, 41 U.S.C. § 601 et seq., (1982), does not mandate a different result.

At least since the landmark case, *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), it has been settled that the bankruptcy court has jurisdiction to adjudicate a counterclaim interposed by a debtor where the creditor against whom the counterclaim has been asserted has filed a claim in the bankruptcy case. A like result was reached in *In re Lombard-Wall, Inc.*, 48 B.R. 986 (S.D.N.Y.1985). Further, it should be observed that while *Katchen* itself involved a counterclaim to a proof of claim, *Lombard-Wall* applies the same principle, recognizing bankruptcy court jurisdiction, where debtor filed a complaint against a creditor which had filed a proof of claim. It is appropriate also to make reference to *In re Penn Central Transportation Company*, 419 F.Supp. 1376, 1380–1 (E.D.Pa.1976), where the court applied *Katchen* in a case arising under § 77 of the Bankruptcy Act to find summary jurisdiction over a counterclaim to a petition, a procedural pattern not distinguishable from that in the case before us.

We need to look at whether the counterclaim asserted here by defendant is compulsory or permissive, for if it is merely permissive, it requires independent jurisdiction, *In re Yagow*, 53 B.R. 737 (Bankr.N.D. 1985). It is to F.R.Civ.P. 13, made applicable to bankruptcy cases by B.R. 7013, that we must look in order to resolve this question. That rule, in pertinent part, provides:

Rule 13. Counterclaim and Cross-Claim

(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

\*     \*     \*     \*     \*     \*

In the proceeding before us, plaintiff filed its comlaint, praying for release to it of property, water tank trucks, manufactured by defendant for plaintiff. The body of the complaint recites the contract between the parties pursuant to which the trucks were manufactured. Defendant's counterclaim is for payments said to be due to defendant by plaintiff pursuant to the contract alleged in the complaint. We understand that what is identified as "Second Cause of Action" has for its purpose a statement of consequential damages sought by defendant in its counterclaim. It is clear that defendant in its counterclaim is asserting a claim which it had at the time that its answer was served. Further, there can be no question that debtor's claim for payment pursuant to the contract under which it built the subject trucks arises out of the same transaction upon which the complaint is grounded, for in the complaint plaintiff seeks delivery of the very trucks built pursuant to that contract.

Finally, *In re Neavear*, 674 F.2d 1201 (7th Cir.1982), is instructive. It leads us to the conclusion that the procedures contained in the Contract Disputes Act should yield in this bankruptcy context. While that case did not involve the Contract Disputes Act, it did involve procedure in the Social Security Administration which has as well-defined a course of procedure for relief for Social Security disability claimants as does the Contract Disputes Act for those who contract with the United States. In *Neavear*, the Secretary in his answer asserted a defense of failure to exhaust administrative remedies. While in the present case plaintiff casts a like defense in terms of jurisdiction, notwithstanding that it is so characterized in various Court of Claims decisions, we do not find a distinction between what the Secretary asserted in *Neavear* and what plaintiff asserts here.

In *Neavear*, the court rejected that defense, finding that there was no purpose in applying the exhaustion of remedies doctrine in that case. We reject plaintiff's like position in this case for the same reason. There is no reason why this court cannot dispose of the contract claim here presented without relegating this bankruptcy debtor to procedures which are certain to consume extended amounts of time. We make this statement in light of the conduct of plaintiff with regard to the time consumed in obtaining possession of the trucks, which plaintiff had sought, not to mention the undue amount of time consumed by plaintiff in making an inspection of the vehicles in the course of this adversary proceeding.

Plaintiff's motion is denied.

So Ordered.