In the Matter of JoAnn
KINNEY, Debtor.

JoAnn KINNEY, Plaintiff,

v.

HIGHER EDUCATION ASSISTANCE
FOUNDATION, Defendant.

Bankruptcy No. BK88–41173.
Adv. No. A89–4034.

United States Bankruptcy Court,
D. Nebraska.

March 29, 1990.

Kevin Ruser, Grand Island, Neb., for debtor.

Richard P. Garden, Jr., Lincoln, Neb., for defendant.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In this adversary proceeding, plaintiff seeks a declaration that its obligation on a student loan is dischargeable under 11 U.S.C. § 523(a)(8). The limited question now considered is whether the bankruptcy court has subject matter jurisdiction to enter judgment against plaintiff upon defendant's counterclaim seeking judgment for the unpaid balance of the loan.

## FACTS

Plaintiff, JoAnn Kinney, a debtor in this Chapter 7 bankruptcy case, commenced this adversary proceeding seeking a determination that a $3,083.54 student loan debt is dischargeable in bankruptcy. The defendant, Higher Education Assistance Foundation ("HEAF") filed an answer and counterclaim. The counterclaim seeks a declaration that the student loan is not dischargeable and a judgment against the plaintiff in the amount of the debt.

Plaintiff asserts that the bankruptcy court does not have subject matter jurisdiction over the counterclaim.

## DISCUSSION

■ I conclude that the counterclaim is a core proceeding over which the court has jurisdiction under 28 U.S.C. §§ 157(a) and 1334. In addition, if HEAF's counterclaim is regarded as a compulsory counterclaim, it is within the court's ancillary jurisdiction.

Under 28 U.S.C. § 1334, federal district courts are granted subject matter jurisdiction over all cases under title 11, and all civil proceedings arising under title 11, or arising in or related to cases under title 11. Each federal district court may refer all cases under title 11 or arising in or related to a case under title 11 to the bankruptcy court pursuant to 28 U.S.C. § 157(a). The United States District Court for the District of Nebraska has referred all such cases to the United States Bankruptcy Court for the District of Nebraska. *See* Local District Court Rule 51. Under 28 U.S.C. § 157(b), bankruptcy judges are granted authority to hear and determine "all cases under title 11 and all core proceedings arising under title 11." Under 28 U.S.C. § 157(b)(2)(B) and (I), core proceedings include allowance or disallowance of claims against the estate, and determinations as to the dischargeability of particular debts.

I conclude that HEAF's counterclaim is a core proceeding because it involves allowance and disallowance of a claim against the estate and a determination of dischargeability. Given the proposition that the district court, and bankruptcy court by delegation, have jurisdiction to determine allowance and dischargeability of claims, it follows under well established principles that the jurisdiction extends to the entry of judgment for the creditor in the amount of the debt.

First, in federal court, the parties are to be granted the complete relief to which they are entitled. If the bankruptcy court determines that a disputed claim is valid, the bankruptcy court routinely determines the amount of the creditor's allowed claim.

The entering of a formal judgment in the amount of the allowed claim is usually unnecessary because the court order takes the form of overruling an objection to a creditor's claim. Upon determination of the amount owed, that amount will be provided for in the case. Nevertheless, if the litigation over a disputed claim or an objection to claim involves a nondischargeable debt, the court does have subject matter jurisdiction to enter a final judgment as to the debt. The failure to enter a judgment would be inconsistent with the principles of judicial economy, finality, *res judicata* and collateral estoppel. The entry of judgment in the amount of the debt does nothing more than grant relief to which the creditor is entitled based on matters that were either litigated or which, with reasonable diligence, could have been litigated.

The second principle which indicates that the bankruptcy court has jurisdiction to enter judgment on the counterclaim is that federal courts have jurisdiction over cases and controversies in their entirety. As an incident to a primary case or controversy over which a federal court has proper jurisdiction, the court may resolve additional claims between parties which relate to or arise out of the factual transaction or occurrence that serves as the basis of the primary, jurisdictional-conferring claim. The debtor commenced this adversary proceeding seeking a determination that the debt due HEAF is dischargeable. The court has jurisdiction to decide that controversy and as an incident thereto has jurisdiction to enter judgment in favor of HEAF on the underlying debt.

On the facts of this case, the plaintiff has commenced an action to determine the dischargeability of debt alleging that repayment would impose an undue hardship. This action necessarily involves the issue of plaintiff's liability on the debt. Although the plaintiff has had full opportunity, the plaintiff has not raised a defense to liability on the underlying debt. In fact, the plaintiff has acknowledged liability on the student loan debt. The plaintiff has not listed the debt of HEAF as disputed on plaintiff's bankruptcy schedules. HEAF has filed a

proof of claim, which is *prima facie* evidence of the validity and amount of the claim. *See* Bankruptcy Rule 3001(f). The plaintiff has not objected to the proof of claim. Thus, the claim of HEAF has been allowed. Further, this dischargeability action is premised on the alleged hardship which would result from the repayment of a valid and binding debt, and plaintiff has acknowledged a default on the debt. If, on the merits of the dischargeability action, the debt was found to be nondischargeable, plaintiff's liability on the debt would necessarily be established and HEAF would be entitled to a judgment as a matter of law. Plaintiff should not be able to contest the liability or amount owed on the underlying debt in a later action based on a separate defense to payment. Rather, if the plaintiff has any legal basis that HEAF is not entitled to judgment on its claim, whether based on state or federal law, the plaintiff must assert that basis if plaintiff seeks a dischargeability order under § 523(a)(8). I therefore conclude that HEAF's counterclaim is a core proceeding within the subject matter jurisdiction of the bankruptcy court.

If, however, the counterclaim is not considered to be a core proceeding, the counterclaim is nevertheless within the bankruptcy court's ancillary jurisdiction. *See In re Aerni*, 86 B.R. 203, 206 (Bkrtcy. D.Neb.1988). Plaintiff's claim seeking dischargeability and HEAF's counterclaim seeking a judgment against the plaintiff involve the same parties, the same transaction, and the same debt. The claim and counterclaim merely request alternate forms of relief which arise from the same set of facts. Resolution of the claim and the counterclaim involve the same law and the same evidence. Thus, HEAF's counterclaim is a compulsory counterclaim under Federal Rule of Civil Procedure 13 permissively asserted in bankruptcy pursuant to Bankruptcy Rule 7013. The counterclaim is within the ancillary jurisdiction of the bankruptcy court. *See In re Aerni*, 86 B.R. at 206–07. The fact that the counterclaim is not compulsory under Bankruptcy Rule 7013 is not dispositive on the subject matter jurisdictional issue. Procedural rules may not expand a federal court's limited jurisdiction. Subject matter jurisdiction extends to the counterclaim because it is sufficiently factually related to the jurisdiction-conferring claim.

Based on the reasons set forth, I conclude that HEAF's counterclaim is within the subject matter jurisdiction of the bankruptcy court. Plaintiff's request to dismiss the counterclaim is hereby denied.