## TWA INC. POST CONFIRMATION ESTATE,

v.

## The GOLF CHANNEL.

No. 02–75205.

United States Bankruptcy Court, D. Delaware.

Feb. 17, 2004.

Vincent J. Marriott, III, Ballard, Spahr, Andrews & Ingersoll, LLP, Philadelphia, PA, Jennifer A.L. Kelleher, Ballard, Spahr, Andrews & Ingersoll, LLP, Wilmington, DE, for The Golf Channel.

Jared G. Parker, Brenda K. Martin, Stinson, Morrison, Hecker LLP, Phoenix, AZ, Laura Davis Jones, James E. O'Neill, Pachulski, Stang, Ziehl, Young, Jones & Weintraub, P.C., Wilmington, DE, Co-Counsel for the Estate–Plaintiff.

PETER J. WALSH, Bankruptcy Judge.

This ruling is with respect to the motion for summary judgment (Doc. # 14) filed by The Golf Channel ("Defendant") and the motion for leave to file an amended complaint (Doc. # 16) filed by the TWA Inc. Post Confirmation Estate ("TWA"). For the reasons discussed below, the Court will deny Defendant's motion and grant TWA's motion.

■ Defendant complains that the transaction description in the complaint did not describe the transaction that actually occurred between Defendant and TWA because the complaint incorrectly characterized a barter arrangement as a cash transaction and the amount claimed was inaccurate. TWA's complaint was based on a check payment transaction in the amount of $75,000.00 when the parties actually had a bartering arrangement whereby Defendant provided advertising time on its network for a special limited promotion in exchange for seats on TWA flights. After conducting discovery, TWA agreed "that a barter transaction formed the basis for the amounts which it seeks to avoid and that no actual money transfer occurred from the Debtor to the Defendant." *See* Doc. # 18. Also, TWA discovered that the value of the transaction was less than $75,000. TWA has filed a motion to amend the complaint in order to accurately reflect these facts. Notwithstanding the proposed amendment, TWA argues that the complaint satisfies the standard set forth in Rule 8(a), made applicable to the Bankruptcy Code by Federal Rule of Bankruptcy Procedure 7008. I agree with TWA.

■ Rule 8(a) states "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The Third Circuit Court of Appeals instructs that "[t]echnicalities are no longer of their former importance, and a short statement which fairly gives notice of the nature of the claim is a sufficient compliance with the requirements of the rules." *Cont'l*

*Collieries, Inc. v. Shober,* 130 F.2d 631, 635 (3d Cir.1942). Therefore, a complaint will be sufficient if it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), and courts favor decisions on the merits rather than technicalities.

The complaint provides enough information to put Defendant on notice. While the complaint contains several inaccuracies, it is obvious that Defendant had no difficulty in understanding the nature of the claim and the precise facts on which it is based. TWA will not be precluded from pursuing the preferential transfer on the merits simply because of several inconsequential factual errors in drafting the complaint.

■ As to the motion to amend the complaint, Rule 15(a) states in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a). "The function of Rule 15(a) ... is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 *Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure* § 1473 (2d ed.1990) (citations omitted). According to the Supreme Court, leave should be granted

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of the allowance of the amendment, futility of the amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Defendant's response to TWA's motion for leave to amend, however, did not raise an issue of undue delay, bad faith, dilatory motive, undue prejudice or futility.

In *Pro Medica, Inc. v. Theradyne Corp.,* 331 F.Supp. 231 (D.P.R.1971), the court granted a motion to amend based on a discovery disclosure similar to that here. The motion for leave to amend was granted so the complaint could reflect a lesser amount of damages. The court noted that the plaintiff sought leave to amend its complaint to simply lower the amount of damages claimed from the sum of $20,000 to that of $8,323.55 in order to have the request reflect interrogatory answers.

Similarly, in *Wm. T. Burton, Inc. v. Reed Roller Bit Co.,* 214 F.Supp. 84 (W.D.La.1963), the court denied the motion to dismiss the amendment that increased the amount of damages. The original complaint was based on a negligence claim for damages in the amount of $1,539,942.65. *Id.* at 85. The court required a more definite statement and the plaintiff filed an amended complaint alleging damages of $7,706,313.74. *Id.* The defendants claimed that there was an additional claim in the amended complaint but the court held that "[t]he first amended petition does not change the nature of the claim one iota." *Id.* at 86.

■ Rule 15(c) of the Federal Rules of Civil Procedure states that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading..." Fed. R.Civ.P. 15(c)(2). "[T]he standard for determining whether amendments qualify

under Rule 15(c) is not simply an identity of transaction test; although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading." 6A *Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure* § 1497 (2d ed.1990) (citations omitted); *see Tiller v. Atl. Coast Line R.R. Co.,* 323 U.S. 574, 581, 65 S.Ct. 421, 89 L.Ed. 465 (1945). As noted above, the original complaint clearly gave Defendant sufficient notice as required by Rule 8(a)(2).

Defendant claims that the amended complaint should not be permitted to relate back because it alleges a new set of operative facts. Defendant cites several cases for the proposition that a claim with entirely different operative facts will not relate back. However, the matter before me does not involve a new set of operative facts but merely a correction as to the proper labeling of the transaction and a correction of the amount of the claim, both of which TWA became aware of after conducting discovery. Section 547(b) speaks in terms of a transfer of an interest in "property". That term obviously covers a barter transaction and the amended complaint addresses a barter transaction which occurred at a time when TWA originally asserted a cash transaction occurred.

An appropriate order has been entered.

### ORDER

For the reasons set forth in the Court's letter ruling of this date, Defendant's motion for summary judgment (Doc. # 14) is DENIED and TWA's motion for leave to file an amended complaint (Doc. # 16) is GRANTED.