UNITED STATES of America

v.

Leroy A. POSNER and Shirley Posner.

Civ. A. No. 73-368-M.

United States District Court,
D. Maryland.

Dec. 1, 1975.

*Administrative Agency Access to Grand Jury Materials,* 75 Colum.L.Rev. 162 (1975).

Garland C. Tanks and John R. Tjaden, Trial Attys., Gen. Litigation Section, Tax Div., U. S. Dept. of Justice, Washington, D.C., for plaintiff.

Eugene Hettleman, Baltimore, Md., for defendants.

## MEMORANDUM

JAMES R. MILLER, Jr., District Judge.

The Government filed this suit on April 17, 1973, in two counts. The first count seeks to obtain a judgment against the defendants, Leroy A. Posner and Shirley Posner, jointly and severally, for personal income taxes assessed against them in the amount of $5,847.73, plus interest. The second count seeks to obtain a judgment against Leroy A. Posner, individually, as the responsible officer of Real Estate Corporation of America and Royal Motel, Inc. pursuant to 26 U.S.C. § 6672[1] in the amounts of $995.06 and $7,231.60, respectively, plus interest. At the outset of the trial, the defendants consented to the entry of judgment against them on the first count as to the claim for personal taxes; however, Leroy A. Posner has contended throughout this litigation that the statute of limitations has run on the claims against him under § 6672.

## I

The applicable statute of limitations is provided in 26 U.S.C. § 6502(a), which states:

"(a) Length of period.—Where the assessment of any tax imposed by this title has been made within the

---

1. Title 26, U.S.C., § 6672, provides in pertinent part:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

"(1) within 6 years after the assessment of the tax, or

"(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary or his delegate and the taxpayer before the expiration of such 6-year period (or, if there is a release of levy under section 6343 after such 6-year period, then before such release).

.    .    .    .    .    ."

■ During the trial, the Government introduced two exhibits which are forms signed by Leroy A. Posner and dated April 10, 1967, in which he agrees "to [the] assessment and collection of [a] 100% penalty" with respect to the corporations previously mentioned. The Government apparently argues that these agreements activate § 6502(a)(2) and, thereby, permit a suit by the Government for collection to be instituted any time within six years of April 10, 1967.

The simple answer to this argument is that the suit was filed on April 17, 1973, more than six years later. Furthermore, this document consenting to the assessment and collection of the 100% penalty is not the type of agreement referred to in § 6502(a)(2). That section applies to a situation in which an agreement is reached as to a "period for collection." Although Mr. Posner agreed that a penalty assessment and collection could take place, there is no mention in the form of the period during which these events could occur. Therefore, this court proceeding must have be-

gun "within 6 years after the assessment of the tax" as required by § 6502 (a)(1).

■ At trial, the Government attempted to establish the assessment dates by introduction into evidence of a "Certificate of Assessments and Payments" which was prepared and certified by the Acting Director of the Philadelphia Service Center of the IRS. The Certificate indicates the "23C Date" for the $1,016.01 penalty assessment and the $7,479.74 penalty assessment [2] to be made December 29, 1967, and April 21, 1967, respectively. The Government argued that the "23C Date" is the date of assessment but presented no evidence of that fact and no other independent evidence of the assessment dates.

The court ruled that the definition of "23C Date" fell within the provisions of Rule 201(b)(2) [3] of the Federal Rules of Evidence. Accordingly, the court permitted the Government until November 3, 1975, to submit to this court an affidavit as to the definition of "23C Date" as used in the "Certificate of Assessment and Payments" introduced into evidence by it.

The Government submitted two affidavits. The first signed by Gerald G. Portney, District Director of the IRS for the Baltimore District, deals with information falling outside of the specific request made by the court and cannot be considered at this point in the litigation.

The second affidavit, signed by Norman E. Morrill, Director of the Philadelphia Service Center of the IRS, states that Form 23C from which the term "23C Date" derives is signed by an assessment officer and is "the summary of all assessments for the period involved." Form 23C is, therefore, the

2. These amounts were subsequently reduced to $995.06 and $7,231.60, respectively, through payments by Mr. Posner.

3. "(b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable

dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

"shorthand" designation of the document which the Regulations establish as the *sine qua non* of the entry of an assessment against a taxpayer.[4] Reg. § 301.-6203–1 provides that "[t]he date of the assessment is the date the summary record is signed by an assessment officer." The court, pursuant to Rule 201 (b)(2) of the Federal Rules of Evidence, therefore, takes judicial notice that the term "23C Date" in the "Certificate of Assessments and Payments" introduced in evidence refers to the dates on which the respective summary records of assessment were signed by an assessment officer. *See also In Re O'Leary*, 72–1 USTC § 9287.

■■ A "Certificate of Assessments and Payments" is presumptively correct and the burden is on the taxpayer to overcome this presumption by countervailing proof. *United States v. Strebler*, 313 F.2d 402, 403–404 (8th Cir. 1963), and cases cited therein. No such proof was offered by the taxpayer here. Since the assessments were made on December 29, 1967, and April 21, 1967, respectively, this suit was filed within six years of those assessment dates.

## II

■ At the trial it developed that the complaint in paragraph IX, line 7, erroneously referred to "fourth quarter" instead of "four quarters" and in paragraph XI, line 8, erroneously referred to "second quarter" instead of "first two quarters." It was and is apparent that the dollar amounts of the unpaid assessments were correctly alleged and that the consent of the defendant to the assessment of the penalties referred to these correct amounts. Under these circumstances, the complaint should be allowed to be amended to conform to the proof, it being apparent that the amendments do not state a new cause of action, but, on the contrary, merely state more accurately the cause of action originally filed. *Wm. T. Burton, Inc. v. Reed Roller Bit Company*, 214 F.Supp. 84, 86 (W.D.La. 1963); Rule 15(b), F.R.Civ.P. Where, as here, " . . . the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth *or attempted to be set forth* in the original pleading, the amendment relates back to the date of the original pleading." Rule 15(c), F.R.Civ.P. (Emphasis supplied). As has been explained in Part I of this Memorandum, the original date of filing was within the statute of limitations.

For these reasons, and in accordance with the Findings of Fact and Conclusions of Law filed on this date, a judgment will be entered against Leroy A. Posner and Shirley Posner as to Count One and against Leroy A. Posner as to Count Two in the full amounts claimed by the Government.

---

4. Reg. § 301.6203–1 provides in pertinent part:
  "The district director and the director of the regional service center shall appoint one or more assessment officers. The district director shall also appoint assessment officers in a Service Center servicing his district. The assessment shall be made by an assessment officer signing the *summary record* of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. *The date of the assessment is the date the summary record is signed by an assessment officer.*" (Emphasis supplied).