In re Fred **GARM** and Ernestine Garm, Debtors.

UNITED STATES of America, on Behalf of its agency, INTERNAL REVENUE SERVICE, Plaintiff,

v.

Fred **GARM** and Ernestine Garm, Defendants.

Bankruptcy No. 5–89–00582.

United States Bankruptcy Court, M.D. Pennsylvania.

May 23, 1990.

Harry J. Giacometti, U.S. Dept. of Justice Washington, D.C., for plaintiff.

Stephen G. Bresset, Honesdale, Pa., for defendants.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Before the Court is a Motion of the United States of America to Abandon Real Property or in the alternative to Lift the Automatic Stay. For the reasons provided herein, we find that the United States of America, on behalf of its agency, the Internal Revenue Service (hereinafter "IRS") has met its burden of proof to lift the automatic stay and that the debtors have failed to meet their burden to show why the property should not be abandoned from the estate.

The facts are as follows. Between March 28, 1984 and September 10, 1984, the IRS filed notices of assessment against the debtors in possession for their income tax liability for years 1978 and 1979. The total tax liability for these years is estimated by the IRS at approximately $167,341.18 as of September 12, 1989. A notice of federal tax lien was filed for the assessments on May 2, 1985 in Susquehanna County, Pennsylvania. Thereafter, on or

about April 12, 1989, the IRS seized real property owned by the debtors as tenants by the entirety consisting of the debtors' personal residence at 320 Lackawanna Street, Forest City, and an unimproved lot also located on Lackawanna Street. On July 21, 1989, the debtors filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. The debtors' schedule of assets and liabilities lists the market value of the 320 Lackawanna Street property at $90,000. The unimproved lot on Lackawanna Street, while not listed in the schedules, was given a fair market value of $12,500. Debtors also own an apartment building at 429-431 Main Street, Forest City, with an approximate value of $40,000. The IRS filed the instant motion requesting either an abandonment of the property under § 554(b) or a lifting of the automatic stay pursuant to § 362(d) to further the efforts of the United States to sell all the seized property in satisfaction of the tax debt. The joint motion is based upon a lack of equity and inconsequential value and benefit of the seized property to the estate.

The debtors respond that they failed to receive notice of the tax assessment and, therefore, they were unable to question and/or appeal the assessment. Their argument continues that the IRS lien is invalid and, therefore, the IRS is not a secured creditor but takes an unsecured position in this bankruptcy.

Before proceeding to the substantive issues a number of procedural issues raised at the time of trial must be addressed. The IRS introduced into evidence a Department of the Treasury, Internal Revenue Service Certificate of Official Record form 4340 (Certificate of Assessments and Payments) which form was a true and complete transcript of the assessments, credits and refunds found in the records maintained by the IRS concerning the debtors' taxes. The IRS also presented Mr. Ronald Foy, a revenue officer with the IRS for a period of approximately 25 years and whose main duty involves the collection of delinquent taxes. Mr. Foy testified that the Certificate of Assessments and Payments indicated that the debtors signed a form 870

Agreement which is a waiver of restriction on assessment and collection of deficiency on February 27, 1984. Further, he testified that the tax was assessed on April 16, 1984 and that interest was assessed for both tax years 1978 and 1979. See Transcript p. 11. To this testimony, and in fact to Mr. Foy's entire testimony, the debtors objected to his reliance on the Certificate of Assessments and Payments as hearsay in violation of the Federal Rules of Evidence. The debtors further objected that if the transcript was to be considered a business record, then Mr. Foy could not testify as the authenticating witness because he was not familiar with the entries made nor did he have knowledge that the entries were made at or near the time of the transaction.

■ Initially, we note that the document in question is a Certificate of Official Record from the Internal Revenue Service under seal of the Director of the Internal Revenue Service Center, Mid-Atlantic Region, Philadelphia, Pennsylvania. Under Rule 902(1) of the Federal Rules of Evidence this document under seal is self-authenticating and no requirement of extrinsic evidence proving authentication was necessary at time of trial. Further, a Certificate of Assessments and Payments under seal is presumptively correct and the burden is on the taxpayer to overcome this presumption by countervailing proof. See *United States v. Posner*, 405 F.Supp. 934 (D.Md.1975) citing *United States v. Strebler*, 313 F.2d 402, 403-404 (8th Cir.1963) and cases cited therein. Mr. Foy did not need to testify as an authenticating witness and, therefore this objection fails.

■ Even though the exhibit is self-authenticating it, nevertheless, must satisfy other pertinent rules of evidence such as the hearsay rule and relevancy requirements. One of the exceptions to the hearsay rule is found at Rule 803(8), (Public Records and Reports). We find that the document in question fits squarely within this hearsay exception. We further find, however, that this exhibit also falls under Rule 803(6) as a record of a regularly conducted activity. Debtors' object that Mr.

Foy was not present at the time the entries were made on the record nor was he personally responsible for making the entries. Contrary to the debtors' position, there is no requirement that the party offering a business record produce the author of the item. See *Federal Deposit Insurance Corp. v. Staudinger*, 797 F.2d 908 (10th Cir.1986) citing ¶ 803(6)[02] Weinstein's Evidence at 803–1792–181 (1985). "Furthermore, '[a] foundation for admissability may at times be predicated on judicial notice of the nature of the business and the nature of records as observed by the Court....'" *Federal Deposit Insurance Corp. v. Staudinger, supra,* at 910. Submitted into evidence was a document of the United States Department of Internal Revenue Service under seal. Testifying from that document was an Internal Revenue Service employee with over 25 years experience. Absolutely no indication was given of a lack of trustworthiness of the contents of the document nor Mr. Foy's testimony. We remind the debtors that this document under seal is presumptively correct and was certainly subject to question. The only objection made to the document itself was to question the authority of the individual who signed the Certificate of Official Record on behalf of the Director. The debtors presented no testimony or evidence that the signator did not have the authority to sign the document on behalf of the Director. Based upon the document being under seal and the long time position of the witness as a Revenue Officer with over 25 years experience, the Court found no evidence of lack of trustworthiness and, therefore, excepted the Certificate of Official Record Form 4340 as an exclusion to the hearsay exception provided by the Federal Rules of Evidence.

■ In response to the testimony of Mr. Foy and the presentation into evidence of the Certificate of Assessments and Payments, Mr. Garm testified that they never received the Notice of Deficiency for Tax liability. N.T. 20. He further testified he never signed a waiver of his right to contest the deficiency. N.T. 21. This testimony, while contradicting the testimony of Mr. Foy and the information contained in the Certificate of Assessment and Payments, nevertheless falls short of being countervailing proof of the presumption of correctness afforded government documents under Seal, Federal Rules of Evidence, Rule 902(1) and *United States v. Posner, supra.*

■ We now address the government's motion for the lifting of the stay pursuant to § 362(d) of the United States Bankruptcy Code. Admitted into evidence was the sworn valuation assigned by the debtors to their personal residence as submitted on their schedule of assets and liabilities. Those schedules filed only six months prior to the time of the hearing on this matter reflect a fair market value of the residence at $90,000. The evidence presented at trial reflects that debtors' liability to the IRS is in excess of $167,000. The only evidence as to valuation placed on the record by the debtors was Mr. Garm's testimony that the valuation placed on his property at the time he signed the schedule of assets and liabilities under oath was grossly underestimated and that as of the date of his hearing he valued the residence at approximately $150,000. We do not find debtors testimony as to the fair market value of his property credible and, consequently, we further find that the IRS has met its burden of showing that there is no equity in the real estate subject to its § 362 motion. The automatic stay imposed by § 362(a) of the United States Bankruptcy Code is hereby lifted to permit the Internal Revenue Service to proceed with whatever rights it has in the debtors' real estate.

■ As an alternative motion, the IRS requested that the property be abandoned under § 554 of the United States Bankruptcy Code. Once again, the debtors provided no evidence other than the male debtor testifying to the increase in value of the real estate in order to contest the request for abandonment. Based upon the evidence adduced at trial, we find that the property is burdensome and that it has both inconsequential value and benefit to the estate, and is thereby ordered aban-

doned from the estate pursuant to 11 U.S.C. § 554(b).

IT IS SO ORDERED.