In re Robert SMITH, Debtor.

Robert SMITH, Plaintiff,

v.

INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 1–91–02135.
Adv. No. 1–92–0292.

United States Bankruptcy Court, M.D. Pennsylvania.

Nov. 24, 1993.

Dorothy Feldman, Harrisburg, PA, for debtor/plaintiff.

Richard I. Miller, U.S. Dept. of Justice, Washington, DC, Michael S. Kane, U.S. Atty's Office, Harrisburg, PA, for defendant.

### MEMORANDUM

ROBERT J. WOODSIDE, Chief Judge.

*Procedural history*

Debtor initially filed a petition for relief under Chapter 13 of the Bankruptcy Code on August 28, 1989. Debtor elected to withdraw this petition, and, on June 14, 1991, I issued an Order dismissing the case. On September 3, 1991, Debtor filed a second petition for relief, this time under Chapter 7 of the Bankruptcy Code. The case was administered as a no asset case, and Debtor received a discharge on April 7, 1992.

On August 11, 1992, Debtor filed the instant complaint, seeking a determination that certain debt owed to the IRS is dischargeable. I conducted a trial on October 20, 1992,

and the parties subsequently submitted multiple letter briefs.

### Factual findings

1. For the 1985 tax year, Debtor filed his federal tax return in March or April, 1986. On or about December 1, 1988, Debtor entered into an agreement whereby he allowed this three year period to be extended until September 12, 1990, and subsequently entered into a waiver granting the IRS until September 9, 1992, to make an assessment. The IRS made an assessment with respect to the 1985 return on August 19, 1991.

2. For the 1986 tax year, Debtor filed his federal tax return on April 15, 1987. Debtor subsequently signed waiver forms allowing the IRS an extension to make assessments against him until September 9, 1992. The IRS assessed a deficiency against Debtor relating to his 1986 taxes on August 19, 1991.

3. Debtor filed his 1987 federal tax return on April 15, 1988. On or about September 4, 1991, Debtor signed a waiver extending the assessment period until April 2, 1993.

4. Debtor filed his 1988 tax return on or about April 15, 1989. On or about September 4, 1991, Debtor signed a waiver to extend the date for making assessments until April 2, 1994.

5. Deficiencies with respect to Debtor's 1985 through 1988 tax debt total approximately $7,000.00, which debt was scheduled by Debtor in connection with his Chapter 7 petition.

### Discussion

Pursuant to Section 523(a)(1)(A) of the Bankruptcy Code, debts to taxing authorities including the IRS are not dischargeable if they are of a kind and for the period specified, *inter alia*, in Section 507(a)(7) of the Bankruptcy Code. Section 507(a)(7) covers, *inter alia*, claims for federal income tax:
(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
(ii) assessed within 240 days, plus any time plus 30 days during which an offer of compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case.

■ Before discussing whether IRS's claims relating to the tax years at issue are of a kind specified in Section 507(a)(7), I must resolve various factual and legal issues raised by the parties. First, on February 25, 1993, the IRS filed a letter brief that included an affidavit and documentary evidence. Debtor objected to the consideration of such evidence, because it was not presented at trial. Because IRS has offered no authority or reason to support· the late submission, Debtor's objection will be sustained. *Compare In re Boch,* 154 B.R. 647, 653 (Bankr. M.D.Pa.1993); *In re Cook,* 146 B.R. 934, 939–40 (Bankr.E.D.Pa.1992) (noting the impropriety of attempts to submit evidence into the record by attaching documents to posttrial submissions).

■ Second, Debtor raises an issue as to whether IRS's introduction of evidence of Forms 4340 constitutes presumptive evidence that Debtor signed valid waivers extending the period during which IRS could make assessments against Debtor. Generally, the courts have found that the introduction into evidence of Forms 4340 constitutes presumptive evidence that valid assessments have been made and that notice of such assessments has been provided to the debtor. *See United States v. McCallum,* 970 F.2d 66, 71 (5th Cir.1992); *Hughes v. United States,* 953 F.2d 531, 535 (9th Cir.1992). In *In re Garm,* 114 B.R. 414 (Bankr.M.D.Pa.1990), Judge Gibbons, relying upon the nature of the Forms 4340 as government records, found that Forms 4340 also constitute presumptive evidence that the debtor has made a valid waiver of his right to contest a deficiency. *Id.* at 417. I agree with Judge Gibbons and extend the logic to apply to waivers allowing additional time for the IRS to make an assessment. Notably, Debtor does not dis-

agree with Judge Gibbons' determination, but rather seeks to distinguish the instant case by asserting that Debtor has overcome the presumption that valid waivers were effectuated. *See* Debtor's letter brief dated Nov. 15, 1992, at 2.

■ This brings me to the third issue as to whether Debtor has overcome the presumption that valid waivers were effectuated. At trial, Debtor testified that he could not identify which if any of several signatures on various documents presented to him were his, and he did not recall whether or not he had signed waivers documents with respect to his tax liability. Indeed, Debtor stated that he might have signed such documents with respect to the tax years in question. The IRS presented actual waiver forms for the 1984 and 1985 tax year bearing a signature purporting to be Debtor's. Debtor's testimony was equivocal and is insufficient to overcome the presumption created by the Forms 4340, which presumption is supported by the IRS's additional proffer of a signed waiver form for one of the tax years in question. *Compare Garm*, 114 B.R. at 417 (finding debtor's testimony that he never signed a waiver of his right to contest a deficiency insufficient to constitute countervailing proof of the presumption of correctness afforded government documents). Therefore, I find valid and effective waivers to have been effectuated as identified on the IRS's Form 4340.

■ Debtor also makes a legal argument that the limitations period for making an assessment continued to run through the pendency of Debtor's dismissed Chapter 13 case, arguing that suspension periods in superseded cases should not be effective to suspend the limitation period for assessment. Under Section 6501(a), 26 U.S.C.,

> The running of the period of limitations ... on the making of assessments ..., in respect of any deficiency, ..., shall be suspended for the period during which the Secretary is prohibited from making the

assessment ..., and for 60 days thereafter.

Pursuant to Section 6503(h), 26 U.S.C.,

> The running of the period of limitations on the making of assessments ... shall, in a case under title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited ... from making the assessment ... and—
>
> (1) for assessment, 60 days thereafter, and
>
> (2) for collection, 6 months thereafter.

Section 108 of the Bankruptcy Code incorporates the suspension provisions of Section 6503. *See In re West*, 5 F.3d 423, 426 (9th Cir.1993); *In re Ringdahl, slip op.*, 1991 WL 284105 (Bankr.M.D.Fla.1991). Therefore, with regard to a dismissed Chapter 13 case, "the statute of limitations for tax [assessment] ... of Federal tax claims will resume running [sixty days] after the period during which the bankruptcy court has control or custody of the debtor's assets, i.e., ... [sixty days] after the case is dismissed." *Ringdahl, slip op.*[1] Debtor's argument that Section 6503 should not apply to toll the limitations period during the pendency of a dismissed Chapter 13 case is rejected.

Based upon these determinations, with regard to the 1985 tax year, prior to the bankruptcy filings, the IRS had until September 9, 1992 (the date of extension provided in Debtor's waiver), to make an assessment against Debtor. The IRS made its assessment on August 19, 1991, which is within 240 days before Debtor's September 3, 1991 bankruptcy filing; therefore, this claim constitutes a priority claim under Section 507(a)(7)(A)(ii) in the Chapter 7 case, and is nondischargeable pursuant to Section 523(a)(1)(A).

With regard to the 1986 tax year, before the bankruptcy filings, the IRS had until September 9, 1992 (the date of extension provide in Debtor's waiver), to make an assessment against Debtor. The IRS assessed a deficiency against Debtor on August 19, 1991, within the time allowed by the waiver and within 240 days of the filing of the

---

**1.** The quote from *Ringdahl* relates to collection activities by the IRS, in which case the applicable extension to the limitations period is 6 months rather than 60 days. The logic for suspending the limitations period with respect to collection activities applies equally to assessment activities.

Chapter 7 case.[2] Therefore, it constitutes a priority claim under Section 507(a)(7)(A)(ii), and is nondischargeable pursuant to Section 523(a)(1)(A).

With regard to the 1987 tax year, before the bankruptcy filings, the IRS had until April 2, 1993, to make an assessment against Debtor, based upon a waiver extending the period for making an assessment. The claim, therefore, was assessable against Debtor on the day he filed his September 3, 1991, bankruptcy petition. Therefore, the claim is a priority claim pursuant to Section 507(a)(7)(A)(iii), and is nondischargeable pursuant to Section 523(a)(1)(A).

With regard to the 1988 tax year, before the bankruptcy filings, the IRS had until April, 1992, to make an assessment against Debtor. The claim, therefore, is for income taxes for which a return was due within 3 years before the commencement of the Chapter 7 case. Therefore, the claim is a priority claim pursuant to Section 507(a)(7)(A)(i) and (iii), and is nondischargeable pursuant to Section 523(a)(1)(A).

Accordingly, the IRS's claims relating to tax deficiencies for the 1985 through 1988 tax years constituted priority claims under Section 507 in Debtor's Chapter 7 bankruptcy and are nondischargeable under Section 523(a)(1).

### Conclusions of law

1. I have jurisdiction over the instant adversary proceeding pursuant to Sections 157 and 1334, 28 U.S.C. Pursuant to Section 157(b)(2)(A), (I), and (O), the matter is core in nature.

2. Pursuant to Section 507(a)(7), 11 U.S.C., the IRS's claims relating to Debtor's 1985 through 1988 tax returns were priority claims in Debtor's Chapter 7 case.

3. Pursuant to Section 523(a)(1), 11 U.S.C., the IRS's claims relating to Debtor's

1985 through 1988 tax returns are nondischargeable obligations.

AN APPROPRIATE ORDER WILL FOLLOW.

### ORDER

AND NOW, this 24th day of November, 1993, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the IRS's claims for deficiencies related to tax returns filed by Debtor for the 1985 through 1988 tax years shall be deemed to have been priority claims pursuant to Section 507(a)(7), 11 U.S.C., and therefore are deemed to be NONDISCHARGEABLE pursuant to Section 523(a)(1), 11 U.S.C. The Clerk is directed to close the main and adversary files.

---

**2.** Even without the waiver, IRS initially had until April 14, 1990 to assess against Debtor with respect to the 1986 taxes. Debtor filed the Chapter 13 bankruptcy on August 28, 1989, and, pursuant to Section 6503, 26 U.S.C., and Section 108, 11 U.S.C., the IRS's time to assess against him was tolled. When Debtor's Chapter 13 case

was dismissed on June 14, 1991, the IRS had approximately 10 months to make the assessment (8 months between August, 1989, and April, 1990, and 2 additional months pursuant to Section 6503). The IRS made its assessment on August 19, 1991, well within the allowable period.