In re Thomas Bruce BARBER, Debtor.

Thomas Bruce Barber, Plaintiff,

v.

United States of America, Defendant.

Bankruptcy No. 91–60951.
Adversary No. 98–6008.

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

Oct. 23, 1998.

ment filed by the Defendant, the United States of America, (hereinafter: "IRS") on July 10, 1998.

By Order of this Court dated July 17, 1998, the Chapter 7 Debtor/Plaintiff, Thomas Barber, (hereinafter: "Debtor") was given 30 days to file a Response or Answer to said Motion, and upon so doing the IRS was granted 15 days to file a Reply thereto.

No Response or Answer to said Motion for Summary Judgment was filed by the Debtor.

The Debtor's Complaint filed on January 14, 1998 alleges as follows:

1. This Court has jurisdiction over this proceeding under 28 U.S.C. § 157(b)(2)(I) and this Complaint constitutes a core proceeding.

James L. Wieser, Schererville, IN, for plaintiff.

Thomas P. Cole, U.S. Dept. of Justice, Washington, DC, for defendant.

### *MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT BY DEFENDANT*

KENT LINDQUIST, Chief Judge.

### *STATEMENT OF PROCEEDINGS*

#### I

This Adversary Proceeding came before the Court on a Motion for Summary Judg-

2. That the Plaintiff is the debtor in the above-entitled case under Chapter 7 of the Bankruptcy Code pending in this Court.

3. The Defendant, United States of America, includes within its terms its sub-agency, the Internal Revenue Service.

4. That the Debtor filed a Petition in Bankruptcy under Chapter 7 of the Bankruptcy Code in this Court on May 22, 1991, and scheduled the following debts for discharge and bankruptcy:

| Tax Year | Amount Scheduled |
| --- | --- |
| 1981-1983 | $40,974.15 |

5. The above debts are dischargeable in bankruptcy in that they are taxes on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the Petition for which a return, if required, was last due, including extensions, more than three (3) years before the date of the filing of this petition and Debtor's said returns were filed prior to and afterwards three (3) years before the date of the filing of this Petition.

6. That the above-scheduled debt accrued interest and penalties thereon, which are also dischargeable.

7. Plaintiff seeks discharge under Section 727 of the Bankruptcy Code. The Debtor prays that this Court find that this tax debt is dischargeable under the Bankruptcy Code.

The IRS filed an Answer on April 3, 1998 which admitted the allegations in paragraphs 1 and 3 and that the assessed tax liabilities for tax years 1982 and 1983 are dischargeable; denied that the tax liability for 1981 is dischargeable because the taxpayer did not file a return for 1981; and alleges that it is without knowledge or information to admit or deny the allegations in paragraphs 2 and 4.

## II

### *Conclusions of Law and Discussion*

#### A

##### *Jurisdiction*

No objections were made by the parties to the subject-matter jurisdiction of this Court, and the Court concludes that it has subject matter jurisdiction over this Proceeding pursuant to 28 U.S.C. § 1334(b). The Court further concludes that this Proceeding is a Core Proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

#### B

##### *General Principles Relating to Summary Judgment*

Under Rule 56(c) Fed.R.Civ.P., as made applicable by Fed.R.Bk.P. 7056, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct.

2505, 2509–10, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). The inquiry that the court must make is whether the evidence presents a sufficient disagreement to require trial or whether one party must prevail as a matter of law. *Anderson*, 477 U.S. at 251–252, 106 S.Ct. at 2511–12.

The moving party bears the burden of showing that there is an absence of evidence to support the nonmovant's case. *Celotex Corp. v. Catrett*, 106 S.Ct. at 2554, *supra*. Stated differently, the moving party, in making a motion for summary judgment, "has the burden of establishing the lack of a genuine issue of material fact." *Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 163 (7th Cir.1984); *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984).

When ruling on a motion for summary judgment, inferences to be drawn from underlying facts contained in such materials as attached exhibits, and depositions must be viewed in a light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *See also, Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 106 S.Ct. at 1356, *supra*, (All inferences to be drawn from the underlying facts must be viewed in a light most favorable to the nonmoving party); *Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215, 1218 (7th Cir.1984); *Marine Bank Nat. Ass'n. v. Meat Counter, Inc.*, 826 F.2d 1577, 1579 (7th Cir.1987).

Federal Rule of Civil Procedure 56(e) provides in part as follows:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If

the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

When a motion for summary judgment is made and supported by the movant, Fed.R.Civ.P. 56(e) requires the non-moving party to set forth specific facts, which demonstrate that genuine issues of fact remain for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S.Ct. at 1355, *supra.* Accordingly, once a moving party has met its initial burden, the opposing party must "set forth specific facts showing that there is a genuine issue for trial" and that the disputed fact is material. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.1983), *cert. den.*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Thus, if the movant carries his initial burden, the opposing party may not defeat the motion by merely relying on the allegations or denials in its pleadings. Rather, its response must set forth in the required filings specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553; *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. *See also, First National Bank v. Cities Service Co.*, 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968); *Valance v. Wisel*, 110 F.3d 1269, 1274 (7th Cir.1997); *Scherer v. Rockwell International Corp.*, 975 F.2d 356, 360 (7th Cir.1992); *United States v. Pent–R Books, Inc.*, 538 F.2d 519, 529 (2nd Cir.1976), *cert. den.* 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582 (1977). The nonmovant cannot succeed in creating a factual dispute solely by pointing to allegations in his pleading; he must instead produce evidence showing there is a disputed issue for trial. *Valance v. Wisel*, 110 F.3d 1269, 1274 (7th Cir.1997).[1]

In discussing the Movant's initial burden of production, where the nonmovant bears the burden of proof at trial, the Court in *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971 (7th Cir.1996) stated as follows:

> In *Celotex* the Supreme Court explained:
>
>> [T]he plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
>
> 477 U.S. at 322–23, 106 S.Ct. at 2552. The Court took pains to make clear, however, that by this it did not intend to relieve the movant of
>
>> initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.
>
> *Id.*, at 323, 106 S.Ct. at 2553 (*quoting* Fed.R.Civ.P. 56(c)). The *Celotex* court decided only that where the

---

1. If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in the non-movant's favor on a material question, then the Court must enter Summary Judgment against the non-movant. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994). The burden on the non-movant is not onerous. *Id.*, 24 F.3d at 920. The non-movant need not tender evidence in a form that could be admissible at trial. *Id.*, 24 F.3d at 921. Of course, the evidence set forth must be of a kind admissible at trial. *Id.*, 24 F.3d at 921, N. 2. Moreover, the non-movant need not match the movant witness for witness, nor persuade the Court that the non-movant's case is convincing, the non-movant need only come forward with appropriate evidence demonstrating there is a pending dispute of material fact. *Id.*, 24 F.3d at 921 (Collecting cases).

movant demonstrates that the nonmovant will be unable to produce any evidence at trial supporting an essential element of a claim for which the nonmovant bears the burden of proof, summary judgment is appropriate even though the movant cannot adduce any affirmative evidence *disproving* the essential claim. *Id.* But even after *Celotex,* an unsupported—or "naked"—motion for summary judgment does not require the nonmovant to come forward with evidence to support each and every element of its claims. *Russ [v. International Paper Co.]* 943 F.2d [589] at 591 [(5th Cir. 1991)]. Only after the movant has articulated with references to the record and to the law specific reasons why it believes there is no genuine issue of material fact must the nonmovant present evidence sufficient to demonstrate an issue for trial.

*Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553.

*Id.,* 96 F.3d at 978–79. (Emphasis in original).

## C.

### Burden of Proof and Standard of Proof to be Applied on Motion for Summary Judgment

■ The ultimate *burden* of proof at the trial of this Adversary Proceeding is on the Debtor who is the Nonmovant. The party seeking an exception to discharge of a debt bears the burden of proof as to each element. *Matter of Scarlata,* 979 F.2d 521, 524 (7th Cir.1992); *In re Kreps,* 700 F.2d 372, 376 (7th Cir.1983). *See also, In re Martin,* 698 F.2d 883, 887 (7th Cir.1983) (§ 727 general discharge). In bankruptcy "exceptions to discharge are to be construed strictly against a creditor and liberally in favor of the Debtor". *In re Scarlata,* 979 F.2d at 524, *supra, quoting, In re Zarzynski,* 771 F.2d 304, 306 (7th Cir.1985).

■ As to the *standard* of proof, it should be noted that the Supreme Court in the case of *Anderson, et. al. v. Liberty Lobby, Inc. and Willis A. Carto,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) held that in determining whether a factual dispute exists on a motion for summary judgment, the court must be guided by the substantive evidentiary standards of the case that are applicable at trial, and thus in ruling on a motion for summary judgment the Supreme Court held that the court must apply the clear and convincing standard in a case where the actual malice rule applied, as this was thus the standard of proof for such a claim. Here the standard of proof at trial as to the Debtor as the Nonmovant is by the preponderance-of-the-evidence, rather than the more stringent standard of clear and convincing evidence. *See, Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Thus, the court must apply the preponderance of the evidence standard of proof to the Debtor in this Adversary Proceeding in testing the sufficiency of the Motion for Summary Judgment by the IRS.

### D

### Materials to be Considered on a Motion for Summary Judgement

Federal Rule of Civil Procedure 56(c) provides as follows:

(c) Motion and Proceedings (56(c)) Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. *The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.* A summary judgment, interlocutory in character may be rendered on the issue of liability alone although there is a genu-

ine issue as to the amount of damages. (Emphasis added).

■ Thus, pursuant to Fed.R.Civ.P. 56(c) the Court may consider all papers of record as specified therein. *Federacion De Empleados Del Tribunal General De Justicia v. Torres*, 747 F.2d 35, 37 (1st Cir.1984); *Allen v. Carlotti*, 400 F.Supp. 1037, 1039 (S.D.Fla.1975), *aff'd.*, 552 F.2d 1086 (5th Cir.1977).[2]

The court has reviewed the following materials that have been filed of record to determine if they may be properly considered in ruling on the Motion for Summary Judgment by the Debtor.

1. The Debtor's Complaint to Determine the Dischargeability of Certain Tax debts filed on January 14, 1998.

2. The IRS' Answer to the Plaintiff's Complaint filed on April 3, 1998.

3. The IRS' Motion for Summary Judgment filed on July 10, 1998.

4. The IRS' Brief in Support of its Motion for Summary Judgment filed on July 10, 1998, and attached "Ex-

hibit A" which is a Certificate of Official Record of the United States Department of Treasury, Internal Revenue Service, dated April 15, 1998 of the IRS Transcript for the Debtor's 1981 tax year relating to his Form 1040 1981 Income Tax Return, signed by the Director of the Cincinnati Service Center, and bearing the seal of the United States.

■ The Court would note that pursuant to Fed.R.Bk., p. 9017, the Federal Rules of Evidence apply to this Adversary proceeding. Thus, Fed.R.Evid. 902(1) and (4), relating to Self-authentication as to Domestic Public Documents under seal and Certified Copies of Public Record, and Fed.R.Evid. 803(8), the exception to the hearsay rule for public records and reports, are applicable to the Form 2866 Certificate of the Official Record of the IRS setting out all Payments and Assessments relating to the Debtor for the tax year 1981.[3] The Certificate to the Transcript states as follows:

---

**2.** It has been held that the Court is obligated to consider not only materials specifically offered in support of the motion, but also all "pleadings, depositions, answers to interrogatories and admissions" properly on file and thus properly before the Court. *Smith v. Hudson*, 600 F.2d 60, 64 (6th Cir.1979), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415. Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention; the Court must consider both before granting a summary judgment. *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980). However, in the case of *L.S. Heath & Son v. AT & T Information Systems, Inc.*, 9 F.3d 561 (7th Cir.1993), the Seventh Circuit observed that the Court need not "scour" the record to determine whether there exists a genuine issue of fact to preclude a summary judgment; instead, the Court can rely upon the nonmovant to show such a dispute if one exists. *Id.*, 9 F.3d at 567. And just as the Court is not required to "scour the record looking for factual disputes", it is not required to scour the party's various submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995). A Court need not make a lawyer's case. *Id.*

**3.** Fed.R.Evid. 902(1) and (4) states as follows:

**Rule 902.** Self-authentication.

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

**(1) Domestic Public Documents Under Seal.** A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

\*\*\*\*

**(4) Certified Copies of Public Records.** A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority.

Fed.R.Evid. 803(8) states as follows:

I certify that the annexed transcript is an exact transcript of the account of the taxpayer named herein in respect to the taxes specified. It is a true and complete transcript for the period(s) stated of all assessments, abatements, credits, and refunds relating thereto as disclosed by the records of this office as of the date of this certification. It also contains a statement of all unidentified and advance payments, if any, for the period(s) stated.

Thomas R Barber

10020 Redbud Rd, Munster, Indiana

For tax period(s) 8112, Form 1040

Certification of Assessment and Payments consisting of 8 page(s) under the custody of this office.

> IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the date and year first above written.

> By direction of the Secretary of the Treasury:

> Jimmy L. Smith, Director

> Cincinnati Service Center

■ Inasmuch as the Certificate to this Transcript is under the seal of the Director, Cincinnati Service Center and is a compilation of the Debtor's assessments and payments based on the records and data of the IRS which has been certified to be correct, it is self authenticating pursuant to Fed.R.Evid. 902(1) and (4), and no extrinsic evidence as to its authenticity is required. *In re Garm*, 114 B.R. 414, 416 (Bankr.M.D.Pa.1990). *Accord: Akers v. United States*, 541 F.Supp. 65 (M.D.Tenn. 1981). *See also, In re Associated Bicycle Service, Inc.*, 128 B.R. 436, 444 (Bankr. N.D.Ind.1990); *United States v. Farris*, 517 F.2d 226 (7th Cir.1975) (computer data compilations certified by the Secretary of the Treasury are self-authenticating under Rule 902(4), and satisfy requirements of 28 U.S.C. § 1733).

■ However, although this document is self-authenticating, it must nevertheless satisfy the other pertinent Rules of Evidence as to its admissibility. This is found at Fed.R.Evid. 803(8), Hearsay Exceptions: Availability of Declarant Immaterial, Public Records and Reports. *In re Garm*, 114 B.R. at 416–417, *supra*. Thus, this Certified Transcript of Assessment and Payments by the Debtor for the tax year 1981 is competent evidence to be considered by the Court in ruling on the USA's Motion. A Certificate of Assessments and Payments is presumptively correct, and the burden is on the taxpayer to overcome this presumption by countervailing proof. *In re Garm*, 114 B.R. at 416, (*citing, United States v. Posner*, 405 F.Supp. 934 (D.Md.1975)) (*citing, United States v. Strebler*, 313 F.2d 402, 403–04 (8th Cir.1963)); *In re Associated Bicycle Service, Inc.*, 128 B.R. at 444.

The Certificate of Assessments and Payments reveals that the Debtor did not file a federal income tax return for the year 1981, and, that on August 20, 1983, the IRS filed a "Substitute For Return" pursuant to 26 U.S.C. § 6020(b). The Debtor has come forward with no competent evidence to rebut the presumption that the Certified Transcript is not correct, and, thus, in rendering its decision, the Court presumes that the Certified Form 2866 has attached thereto is a true and com-

---

**Rule 803. Hearsay Exceptions: Availability of Declarant Immaterial.**

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\*\*\*\*

**(8) Public Records and Reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

plete Transcript of the Debtor's income tax liability for the tax year 1981.

## STATEMENT OF MATERIAL FACTS FILED BY IRS PURSUANT TO LOCAL BANKRUPTCY RULE B–756

 Local Bankruptcy Rule B–756, Motions for Summary Judgment, states as follows:

> In addition to complying with the requirements of N.D.Ind.L.B.R. B–707.1, all motions for summary judgment shall be accompanied by a "Statement of Material Facts" which shall either be filed separately or as part of the movant's initial brief. The "Statement of Material Facts" shall identify those facts as to which the moving party contends there is no genuine issue and shall be supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence. Any party opposing the motion shall, within thirty (30) days of the date the motion is served upon it, serve and file a "Statement of Genuine Issues" setting forth all material facts as to which it is contended there exists a genuine issue, supported with appropriate citations to discovery responses, affidavits, depositions or other admissible evidence, together with any affidavits or other documentary material controverting the movant's position. The "Statement of Genuine Issues" may either be filed separately or as part of the responsive brief. In determining the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion, as supported by the depositions, discovery responses, affidavits and other admissible evidence on file.[4]

 Pursuant to Local Rules, if a summary judgment respondent fails to file a timely statement of disputed material facts, uncontroverted statements in the moving party's statement in support of summary judgment are deemed admitted. *Giannopoulos v. Brach & Brock Confections, Inc.*, 109 F.3d 406, 412 (7th Cir.1997) collecting (cases); *Feliberty v. Kemper Corp.*, 98 F.3d 274, 277 (7th Cir.1996); *Wienco v. Katahn Associates, Inc.*, 965 F.2d 565, 567 (7th Cir.1992); *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 518–19 (7th Cir.1992). Where the nonmovant has not followed the local rules requiring a response, supported by appropriate citations to each contested fact in the movant's statement, the moving party's facts remain

4. The United States Court of Appeals, Seventh Circuit, has endorsed the exacting obligation of Local Rules, such as Local Bankruptcy Rule B–756, which impose on a party contesting summary judgment to highlight which factual averments are in conflict as well as what record evidence there is to confirm the dispute, and explaining that the Courts are not obliged in our adversary system to scour the record looking for factual disputes, and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921–22 (7th Cir. 1994), (*Citing, Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir.1989); *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1103–04 (7th Cir.1990)). The factual statements required by Local Rules are of significantly greater benefit to the Court than the parties, which does not have the advantage of the parties' familiarity with the record and often cannot afford the time combing the record to locate the relevant information. *Id.*, 24 F.3d at 923–24.

The decision whether to apply a Local Rule, such as set out above, requiring the Movant for Summary Judgment to file a Statement of Material Facts supported by appropriate citations, and requiring the opponent to file any material controverting the Movant's position strictly, or to overlook any transgressions, is one left to the trial court's discretion. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir.1995); *Waldridge v. American Hoechst Corp.*, 24 F.3d at 923, *supra*, (Court may *sua sponte* strictly enforce local rule governing nonmovant's response to summary judgment motion, even if movant's did not strictly comply with rule, and despite movant's failure to object to nonmovant's noncompliance with local rule).

uncontested. *Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 284 (7th Cir.1997) (*citing, Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1313 (7th Cir.1995)). A failure to properly contest the statement of material facts set out in the movant's statement constitutes a binding admission of those facts. *Id.* In such a case, the Seventh Circuit has stated that the Court will "depart from our usual posture of construing all facts in favor of the nonmoving party; rather we accept as true all material facts contained in [the moving party's] 12(m) statement." *Brasic v. Heinemann's, Inc.*, 121 F.3d at 284 (*citing Midwest Imports Ltd. v. Coval*, 71 F.3d at 1313) (*quoting, Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir.1994)). "It is not our task or that of the district court, to scour the record in search of a general issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes a summary judgment." *Brasic v. Heinemann's, Inc.*, 121 F.3d at 285 (*quoting, Richards v. Combined Ins. Co. of America, Inc.*, 55 F.3d 247, 251 (7th Cir.1995)). However, the party opposing summary judgment is deemed to have admitted through failure to controvert, only those facts as set forth in the moving party's statement. *Wolf v. Buss (America), Inc.*, 77 F.3d 914, 922 (7th Cir.1996).

The IRS on July 10, 1998 set out the following Statement of Material Facts in its Brief in support of its Motion for Summary Judgment as to which the IRS contends there is no genuine issue of material facts:

1. The Plaintiff is this adversary proceeding, Thomas Bruce Barber, is the debtor in the above-referenced bankruptcy proceeding.

2. Plaintiff seeks a determination that his outstanding assessed federal income tax liabilities for tax years 1981, 1982, and 1983, are dischargeable pursuant to 11 U.S.C. § 523(a). (*See* Adversary Complaint).

3. The United States admits that the outstanding assessed federal income tax liabilities for tax years 1982 and 1983 are dischargeable, but denies that the outstanding assessed federal income tax liability for tax year 1981 is dischargeable. (*See* Answer). In its Answer, the United States contended that the 1981 taxes were not dischargeable because the Plaintiff had not filed a tax return for tax year 1981, which placed the Plaintiff squarely within the exception to discharge of 11 U.S.C. § 523(a)(1)(B)(*l*), which provides that taxes are not dischargeable for any tax year for which a required return is not filed.

4. The Plaintiff did not file a tax return for tax year 1981. (*See* Certificate of Assessments and Payments attached as Exhibit A to this Brief).

5. On August 20, 1983, the Internal Revenue Service ("IRS") filed a "Substitute for Return," pursuant to 26 U.S.C. § 6020(b). (*See* Certificate of Assessments and Payments attached as Exhibit A to this Brief).

6. The Certificate of Assessments and Payments constitutes presumptive evidence that Plaintiff did not file a 1981 tax return.

7. Plaintiff has proffered no evidence demonstrating that the Certificate of Assessments and Payments is incorrect or that he filed a tax return for tax year 1981.

The Court concludes that the facts set out in the IRS' Statement of Material Facts Which Are Undisputed are deemed admitted.

However, this conclusion is not dispositive of the IRS' Motion as it does not follow that the IRS is entitled to a summary judgment as a matter of law. A Court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's motion for summary judgment to ensure he has discharged his initial bur-

den. *Carver v. Bunch,* 946 F.2d 451, 454–55 (6th Cir.1991). The Court must make a further finding that given the undisputed facts, summary judgment is proper as a matter of law. *Wienco v. Katahn Associates, Inc.,* 965 F.2d at 568, *supra.*

### E

### *Whether a Substitute for an Income Tax Return Filed by the IRS Pursuant to 26 U.S.C. § 6020(b) Qualifies as a Tax Return for the Purpose of § 523(a)(1) Dischargeability Determination?*

Section 523(a)(1) of title 11 provides as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

\* \* \* \*

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) and 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

　(i) *was not filed;* or

　(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax; (Emphasis supplied).

■ It is noted that Subsections (A), (B) and (C) of § 523(a)(1) are in the conjunctive, and if the evidence satisfies any one of the three subsections, the tax liability is nondischargeable. *See, e.g., In re Easton,* 59 B.R. 714, 716–18 (Bankr. C.D.Ill.1986); *In re Etheridge,* 91 B.R. 842, 845 (Bankr.C.D.Ill.1988), *Aff'd,* 127 B.R. 421.

In order to place the issues raised in this Adversary Proceeding in proper context, the Court will refer to Collier on Bankruptcy for the guiding general principles that are applicable.

Collier in discussing § 523(a)(1)(B)(i) states as follows:

■ Taxes—Return Not filed or Filed Late; § 523(a)(1)(B)(i).

　[a]—Failure to File Return.

The discharge does not release taxes "with respect to which a return, if required—(*l*) was not filed." Thus the taxing agency is not precluded from recovering taxes left unpaid by the convenient method of failing to file a return. The Code gives taxing authorities an unlimited opportunity to learn of the tax deficiency, even beyond the time of bankruptcy.

Section 523(a)(1)(B)(*l*) is stated in the simplest terms: *The debtor is not discharged from a tax debt with respect to a tax for which a return was required but not filed. In the case of failure to file a return there is no time limitation.* However, dischargeable taxes are not converted into nondischargeable taxes by a state's "requiring" successive amended returns addressing the same basic information. A tax debt will be dischargeable despite section 523(a)(91)(B)(*l*) if the debtor can show the filing of same return at some appropriate time disclosing all income.

If the IRS files a tax return for the debtor, section 523(a)(1)(B)(*l*) renders the tax liability reflected on the return nondischargeable because the return was not signed and, therefore, was not filed by the taxpayer.

4 Collier's on Bankruptcy, ¶ 523.07[3][a], pp. 523–36 (L. King 15th rev'd ed.1998). (emphasis supplied). *See In re Rank,* 161 B.R. 406, 409 (Bankr.N.D.Ohio 1993); (col-

lecting cases); *In re Carlen,* 1991 WL 424977 at *25 (Bankr.N.D.Ind.1991).

 The IRS correctly asserts that since the Debtor did not file a return for the tax year 1981, that his tax liability for that year is not dischargeable under § 523(a)(1)(B)(*l*). As to the 1981 tax return, the IRS's Form 2866, Exhibit "A" to its Statement of Material Facts, reflects that the Debtor never filed an income tax return for that year, although the IRS filed a substitute return for the Debtors on August 20, 1983, pursuant to 26 U.S.C. § 6020(b).[5] Thus, the income tax liability of the Debtor, for the year 1981 is nondischargeable pursuant to § 523(a)(1)(B)(i), as a substitute for return prepared by the IRS is not a return within the meaning of § 523(a)(1)(B)(i). *See, In re Rench,* 129 B.R. 649, 650–51 (Bankr.D.Kan.1991); *In re Chastang,* 116 B.R. 833, 834 (Bankr. M.D.Fla.1990); *In re Crawford* 115 B.R. 381, 383 (Bankr.N.D.Ga.1990); *In re Pruitt,* 107 B.R. 764, 766 (Bankr.D.Wyo. 1989); *In re Hofmann,* 76 B.R. 853, 854 (Bankr.S.D.Fla.1987); *In re Carlen,* 1991 WL 424977 at *25–26 (Bankr.N.D.Ind. 1991).

As set forth by one court:

The IRS contends that its claim for 1978 and 1979 taxes was not discharged in debtors' predecessor case because debtors did not file tax returns for 1978 and 1979. Under 11 U.S.C. § 523(a)(1)(B)(i), a debtor is not discharged from any debt for a tax with respect to which a return, if required, was not filed. Based on the evidence received and the testimony presented, I conclude, as a finding of fact, that debtor failed to file 1978 and 1979 individual federal income tax returns.

Debtors contend that because the IRS filed substitute returns on debtors' behalf, the 1978 and 1979 tax returns must be considered filed. This argument is spurious. The tax returns filed by the IRS were filed for the limited purpose of opening an account for the 1978 and 1979 tax years. The filing of such returns by the IRS does not relieve a taxpayer from his or her obligation to file a return and does not constitute the filing of a "tax return" by the debtors within the meaning of 11 U.S.C. § 523(a)(1)(B)(i). Several courts have held that 11 U.S.C. § 523(a)(1)(B)(*l*) excepts from discharge taxes for which the debtor failed to file a return, even if the IRS filed a substitute return pursuant to 26 U.S.C. § 6020(b). *Chastang v. United States (In re Chastang),* 116 B.R. 833, 834 (Bankr.M.D.Fla.1990); *Crawford v. United States (In re Crawford),* 115 B.R. 381, 383 (Bankr.N.D.Ga.1990); *Pruitt v. United States (In re Pruitt),* 107 B.R. 764, 766 (Bankr.D.Wyo.1989); *D'Avanza v. United States (In re D'Avanza),* 101 B.R. 787 (Bankr. M.D.Fla.1989); *Hofmann v. United States (In re Hofmann),* 76 B.R. 853 (Bankr.S.D.Fla.1987).

*In re Woolley,* 1991 Bankr.Lexis 917 (Bankr.D.Neb.1991) (In determining Debtors eligibility to be Chapter 13 Debtors under § 109(e)).

Accordingly, the Court concludes that because it is undisputed that the IRS filed a substitute for return for the Debtor, and there is no evidence that the Debtor ever filed an income tax return, there is no genuine issue of material fact, and the Debtor's income tax liability for the year 1981 is nondischargeable pursuant to § 523(a)(1)(B)(i), as a matter of law.

## F.

### CONCLUSION

The Court having reviewed the Complaint and Answer filed herein, and the Motion for Summary Judgment by the

---

5. If a taxpayer fails to file a return, the Secretary is authorized to prepare a return on behalf of the taxpayer. 26 U.S.C. § 6020(b). Once the liability is assessed, the taxpayer no longer has the option of filing a federal income tax return. The substitute for return is "prima facie good and sufficient for all legal purposes" (26 U.S.C. § 6020(b)(2)).

IRS, together with the supporting legal memoranda, and all of the relevant papers and documents of record, and having taken into consideration all admitted facts, the Court concludes that no genuine issue of material fact exists pursuant to Fed. R.Civ.P. 56(c), and that the Debtor's income tax liabilities for 1982 and 1983 are dischargeable debts, but that the Debtor's 1981 income tax liability is a nondischargeable tax debt, pursuant to § 523(a)(1)(B)(i) as to 1981 as a matter of law.

It is therefore,

**ORDERED, ADJUDGED, AND DECREED** that the Motion of the IRS for Summary Judgment is hereby GRANTED and that the Debtor's income tax liabilities for the tax years 1982 and 1983 constitute dischargeable debts and that the Debtor's income tax liability for 1981 represents a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(1)(B)(i).

The Clerk shall set forth this Judgment on a separate document pursuant to Fed. R.Bk.P. 9021.